WILLIAM HARVEY, Administrator of. Henry G. Pius, deceased, Plaintiff in Error, *v.* WILLIAM F. THORNTON, Defendant in Error.

### ERROR TO SANGAMON.

On a bill to foreclose a mortgage, the mortgagor, unless he has assigned the equity of redemption, is an indispensable party. If the mortgagor dies intestate, his heir is a necessary party to the suit, if the mortgagor has not devised or transferred the equity of redemption.

The presumption of our law is, that a person dying intestate, has left heirs capable of succeeding to his estate ; and this presumption is so violent, that it can only be repelled by proof.

THE decree complained of was entered at November term, 1847, of the Sangamon Circuit Court, TREAT, Justice, presiding.

S. T. LOGAN, for plaintiff in error.

D. B. CAMPBELL, for defendant in error.

TREAT, C. J. Pius mortgaged certain real estate to Thornton, and died intestate, without disposing of the equity of redemption. Thornton filed a bill against his administrator to foreclose the mortgage. The bill was taken for confessed, and a decree of foreclosure entered. The administrator brings the

record into this court, and assigns for error that the heirs of the mortgagor were not made parties to the suit.

It was held in Lane *v.* Erskine, 13 Illinois, 501, that the heir is a necessary party in such a case. It was there said : " On a bill to foreclose a mortgage, the mortgagor, unless he has assigned the equity of redemption, is an indispensable party. He has a direct interest in the account to be taken of what is due on the mortgage, for it fixes the amount of his indebtedness. And he is entitled to redeem the mortgaged premises, on payment of the amount thus ascertained to be due. If he dies intestate, the estate descends to his heir, burdened with the incumbrance. The heir has the same interest in stating the account, and the same right of redemption. It follows that he is a necessary party. It is accordingly well settled by the authorities, that, on a bill for the foreclosure of a mortgage, where the mortgagor has died without transferring or devising the equity of redemption, the heir is a necessary party, and no decree can be entered until he is before the court."

But it is insisted, that there is nothing in this case to show that the mortgagor had heirs to whom the equity of redemption descended. Under our law, the presumption clearly is that he left heirs capable of succeeding to the estate ; and there is nothing in the record to repel the presumption. The constitution declares that " no conviction shall work corruption of blood or forfeiture of estate." The statute provides, that the estate of a person dying intestate shall go to the next of kin, however remote in degree ; and aliens and non-residents are as capable of taking the estate as citizens or residents. It is difficult, therefore, to imagine a case, unless it be that of a bastard dying intestate and without issue, where an intestate does not leave kindred on whom the law casts his estate. It sometimes happens that the State acquires an estate under the operation of the law of escheat, but that may be not because there are no persons *in esse* to take the estate, but because none appear to claim it. The presumption is so violent that the estate of an intestate is transmitted to others by descent, that it can only be repelled by proof that the fact is otherwise. It may perhaps be, if the bill had contained an allegation that the mortgagor died without heirs, that the decree might be sustained. But, in the absence of such an averment, it is clearly the duty of this court to intend that there are persons in existence who inherited the equity of redemption ; and they must be brought into the case, before a decree of foreclosure can properly be entered. If the heirs are not known, they can, under the statute, be proceeded against as unknown persons. The decree must be reversed, and the

cause will be remanded, with leave to the complainant to amend the bill.

*Decree reversed.*