WALLACE R. WARNER, v. THE WESTERN NORTH CAROLINA RAIL-ROAD CO.

*Pleading—Negligence—Appeal—Aider.*

1. Where the Court intimated that the complaint did not state facts sufficient to constitute a cause of action, and the plaintiff asked leave to amend, which was granted on condition that the plaintiff pay cost and consent to a continuance, which conditions were declined by the plaintiff, who took a nonsuit and appealed, *It was held*, that the appeal would lay.

2. A Railroad Company is bound to exercise reasonable care in seeing that the machines it furnishes to its servants are suitable and safe, and if it fails to do this, and one of its servants is injured, without fault on his part, the Railroad is liable.

3. If the Railroad is negligent in this respect, it is charged in law with notice of the unfitness of the machine, and cannot take advantage of its own wrong,

and set up as a defence to an action for such injury, that it did not have notice of the defect in its machine.

4. Where in an action for damages for an injury caused by furnishing a servant with defective machinery, the complaint alleges that the defendant carelessly and negligently furnished a defective machine, in the furnishing of which the law holds the defendant to care and diligence, the legal implication is, that the defendant knew, or by reasonable diligence might have known, of the defect.

5. It is unnecessary to formally allege notice of such defect in the complaint, when facts are stated from which the law will imply notice.

6. A defective statement of a cause of action is aided if the defendant answer to the merit, and go to trial before pointing out the defect.

7. In an action by an administrator, under the statute, for damages for negligently causing the death of his intestate, the complaint need not allege that the intestate left next-of-kin.

8. There is a presumption that every intestate leaves next-of-kin, and the party who wishes to negative the presumption, must aver and prove it.

9. In actions under the statute, for damages for negligently causing the death of the intestate, if there be no next-of-kin who are entitled to the recovery under the statute of distributions, the recovery goes to the University.

(*Hedrick* v. *Pratt*, 94 N. C., 101 ; *Garrett* v. *Trotter*, 65 N. C., 430 ; *Johnson* v. *Finch*, 93 N. C., 205 ; *Halstead* v. *Mullen*, 93 N. C., 252 ; *Buxton* v. *The Railroad*, 82 N. C., 504 ; *University* v. *Harrison*, 90 N. C., 385, cited and approved).

CIVIL ACTION, tried before *Montgomery, Judge,* and a jury, at November Term, 1885, of the Superior Court of ROWAN county.

The plaintiff, suing as administrator of Carrington C. Warner, deceased, brings this action to recover damages from the defendant for injuries sustained by his intestate, occasioned by the alleged carelessness and negligence of the defendant, in placing the intestate, who was in his life time and at the time of the accident mentioned, in its employ as engineman, in charge of an unsafe, defective and insecure locomotive on its road, which locomotive, by reason of such carelessness and negligence, exploded, and instantly, the intestate was killed by the explosion, without negligence or lack of due care on his part.

The following is a copy of so much of the complaint as it is material to set forth here:

"II. That the plaintiff's intestate, on the seventeenth day of July, 1884, at the time of the committing of the injuries hereinafter mentioned, was in the employment of the defendant, as engineer, upon a locomotive engine, the property of the defendant, driven by steam upon its said road; and that it was the duty of the defendant to provide a good, safe and secure locomotive, with good, safe and secure machinery and apparatus.

"III. That the defendant, not regarding its duty, conducted itself so carelessly, negligently and unskilfully in this behalf, that it provided and used an unsafe, defective and insecure locomotive.

"IV. That for want of due care and attention to its duty in that behalf, on the day last aforesaid, and in said State, and at or near the foot of the Balsam Mountains on the defendant's roadbed, and while the said locomotive was in the use and service of said defendant upon its said railroad, and while the plaintiff's intestate was working upon the same, in the capacity aforesaid, for the defendant, the boiler connected with the engine of said locomotive, by reason of unsafeness, defectiveness and insecurity thereof, exploded, in consequence whereof the plaintiff's intestate was then and there instantly killed, and without any negligence or want of care on the part of plaintiff's intestate."

The parts of the answer material here are as follows:

"III. Defendant denies allegation No. III.

"IV. Defendant admits that the deceased was killed by the explosion of a boiler, but denies that "it was by reason of unsafeness, defectiveness and insecurity of the engine or boiler, or defendant's negligence."

For a further defence, the defendant says:

1. Defendant says that the engine, the boiler of which exploded, had recently been inspected and put in good repair by the defendant, as it is informed and believes.

2. That it is informed and believes, that if there was any defect in the engine, or it was in unsafe condition, it became so after the inspection, without the knowledge thereof coming to this defendant.

3. That it is informed and believes, that there was unskilful management of the engine on the part of the deceased, and that he permitted some of its machinery to be tampered with, or altered, and this contributed to the accident.

4. That the machinery of the engine was altered or changed, or tampered with by some person, while in charge of the deceased, whereby the accident occurred, and that no report thereof was made by the deceased as engineer to this defendant.

5. That if there was any defect in the engine, or unsafeness, the deceased knew, or ought by reasonable care to have known it, and it was his duty to have reported it.

6. That if the accident occurred by the negligence of defendant's servants, they were the fellow-servants of the deceased."

The following is a copy of the case settled upon appeal :

"After the evidence closed, defendant's counsel stated that he should ask the Court to tell the jury, that there was not sufficient evidence to go to the jury to prove any knowledge on the part of defendant of any defect in the engine; that an advanced syllabus published in the papers showed this to be the proper practice, to make the objection when the evidence closed.

The Court, previous to the introduction of any evidence, framed such issues as in the opinion of the Court arose on the pleadings, as the plaintiff and defendant had disagreed upon the issues. At the opening of the plaintiff's argument, (the plaintiff having the opening,) the Court stated to the counsel that the Court desired to hear him upon the point as to whether or not it was necessary to state in the complaint "that the defendant had knowledge of, or by reasonable diligence, or care, might have known of the defectiveness and unsoundness of the engine."

Plaintiff's counsel concluded his argument upon the law and facts, when defendant's counsel made the following points:

1. That the complaint did not allege that the defendant knew of the defectiveness of the engine, or might by reasonable diligence have known it.

2. It did not aver that plaintiff's intestate did not know it.

3. It did not allege that plaintiff's intestate left any next of kin.

4. That there was not sufficient evidence to go to the jury of the knowledge of defendant that the engine was defective, and moved to dismiss on the first three grounds, and asked, if the case should go to the jury, the Court to charge that there was no evidence of knowledge on the part of defendant.

To this the Court replied : " In the opinion of the Court, there is evidence to go to the jury, but the Court thinks the complaint is defective. It ought to allege that the intestate of plaintiff left next of kin, among whom the recovery could be distributed, and the complaint ought to allege that the defendant knew, or by reasonable diligence might have known, of the defectiveness and unsoundness of the engine. That an issue upon this fact ought to be submitted to the jury, but the Court could not submit issues when there were no allegations to raise them."

The plaintiff proposed to amend. The Court said he could do so upon the payment of the costs.

The plaintiff asked if the costs were paid and the amendments made, could the trial proceed.

The defendant's counsel objected ; that they relied on the points they had made and would be taken by surprise.

The Court stated the plaintiff could amend, as a matter of right, before answer, aud the courts generally allowed amendments before trial, but after the trial was commenced, the Court thought that material amendments should be allowed upon terms. In this case the Court would not dismiss. The plaintiff could amend on the payment of costs, and as the defendant objects to the trial proceeding on the ground of surprise, a mistrial would be had.

The plaintiff replied : " We have confidence in our complaint, and upon these intimations of your Honor, we will take a non-suit and appeal."

The plaintiff submitted to a judgment of non-suit and appealed to this Court.

*Mr. Theo. F. Klutz, (Messrs. Kerr Craige* and *J. M. Clement,* were with him on the brief), for the plaintiff.

*Mr. Chas. Price, (Mr. D. Schenck,* was with him on the brief), for the defendant.

MERRIMON, J. (after stating the facts). (1). The objection taken on the argument here, that an appeal did not lie from the refusal of the Court to allow an amendment of the complaint without the payment of costs, is groundless. The appeal was not taken from the order denying the motion to amend. When the Court suggested that the complaint was defective, the plaintiff, as a cautionary step, asked leave to amend. The Court offered to grant leave on terms that the plaintiff declined to submit to, having confidence in the sufficiency of the complaint, and in effect, if not in terms, he insisted that it was sufficient. The Court intimated plainly that it was not, and the plaintiff, in deference to that opinion, submitted to a judgment of non-suit and appealed. This appears substantially from the statement of the case upon appeal, and in the record of the judgment it is expressly stated, that the Court being of opinion that the complaint did not state facts sufficient to constitute a cause of action, the plaintiff, in deference to that opinion, submitted to a judgment of non-suit. It is obvious that an appeal lay from such a judgment. *Hedrick* v. *Pratt, ante,* 101.

(2). The Court held that the complaint was fatally defective, in that it did not contain an allegation to the effect "that the defendant knew, or by reasonable diligence might have known, of the defectiveness and unsoundness of the engine."

If it be granted that such allegation was necessary in a case like this, we are of opinion that it was made in substance and effect in the third paragraph of the complaint, which alleges "that the defendant, not regarding its duty, conducted itself so carelessly, negligently and unskilfully in this behalf, that it provided and used an unsafe, defective and insecure locomotive."

The defendant in placing locomotive engines upon its railroad for practical use, was bound to exercise at least reasonable care, caution and diligence, in seeing that they were suitable and safe. Hence, if it failed in this respect, and as a consequence an accident happened, whereby another was injured without fault on his part, it became liable to the party so injured in damages. If the defendant was not so careful, cautious and diligent, but on the other hand, was in such respect careless, incautious and negligent, it was thereby in law charged with notice of the unfitness, defectiveness and unsafe condition of the engine. The law does not allow a party chargeable with negligence, to take advantage of his own wrong, and say, in his defence, that he did not have notice of the unfitness and defects of his dangerous engine, or other machinery. In such case, if he had been careful and diligent, then he would have had notice of such defects, and remedied them, and thus avoided accident and injury to others, occasioned thereby. When, in cases like this, it is alleged that a party has been careless and negligent in respect to a matter wherein he is bound to care and diligence, the necessary and legal implication is, that he knew, or might, by reasonable diligence, have known of the material defects and imperfections that gave rise to the injury complained of. So, that if the allegation of negligence should be proved on the trial in this and like cases, sufficient notice of such defects would be proven. It is unnecessary to formally allege notice, when the law implies the same from the circumstances and conditions necessarily attending the matter alleged.

The allegation of notice of the alleged defectiveness of the engine in the complaint was therefore sufficient.

There may be peculiar cases, and classes of cases, in which it is necessary specially to allege notice of defects that underlie and are essential to create the cause of action, but clearly this is not one of them.

But we may add, that if in alleging the cause of action in this case, a more formal and distinct allegation of such notice ought

to have been made, the defendant waived all objection on that account, by answering the complaint upon the merits and going to trial. In any possible view of the matter, the most that can be said is, that a cause of action was defectively stated in the complaint. The matter of notice omitted, as supposed, was only incidental to a principal material allegation—that of negligence —and might be waived, and any objection in that respect ought to have been taken in apt time by demurrer. It seems to us manifest, that if such objection could have been raised at all, (and we have seen it could not,) it was waived by the answer. *Garret* v. *Trotter*, 65 N. C., 430; *Johnson* v. *Finch*, 93 N. C., 205; *Halstead* v. *Mullen*, Id., 252.

(3). The Court held, also, that the complaint ought to have alleged that the intestate of the plaintiff left surviving him next-of-kin. In this we think there is error, first, because the statute gives the action and authorizes the recovery of damages in any event, if the liability of the defendant shall be established, and secondly, even if this were not so, the omission of the allegation was waived by the defendant's answer upon the merits.

In respect to the damages that may be recovered in this and like actions, the statute, (The Code §1500,) provides, that, "The amount recovered in such action is not liable to be applied as assets, in payment of debts or legacies, but shall be disposed of as provided in this chapter (ch. 33, entitled Executors and Administrators) for the distribution of personal property in cases of intestacy."

It is plainly observable, that no particular person or class of persons, whether of the next-of-kin or not, are designated by the statute, to take. The language is broad and comprehensive, limited only by the provisions of the chapter referred to, in respect to the distribution of personal property, and excluding creditors and legatees. The damages when recovered, are to be not simply distributed, but *disposed of* as that chapter prescribes, and it distinctly provides, (The Code §1478,) first, for the distribution of the personal estate to the widow and children of the

17

intestate, if there be such, and if there be none, nor the representative of children, then generally, to the next-of-kin in regular succession.   The fourth paragraph of the section last cited, provides that, " If there be neither widow nor children, nor any legal representative of the children, the estate shall be distributed equally to every of the next-of-kin of the intestate, who are in equal degree, and those who legally represent them." This provision is plain and unmistakable—nothing is left to construction or conjecture. The presumption is, that the Legislature was advertent to all the provisions of the chapter of which §1500 cited, is a part, and understood their legal effect.

Thus it appears that the widow and children take first, but this is not more certain, than that the succeeding next-of-kin take in the order prescribed.   There is nothing in the terms of the statute, nor is there any reasonable implication arising from it, that warrants the exclusion of any of them.   It seems that its purpose is to give the action for the recovery of damages in the case provided, without reference to who may become the beneficiaries, excluding creditors and legatees.   This view is strengthened by the fact, that while the statute giving the action, is in some material respects substantially like a similar English statute, and similar statutes in other States of the Union, in respect to the disposition of the damages when recovered, it is unlike most, if not all of them.   They generally provide for designated classes, as the wife and children, and the measure of damages is made to depend, in some States, upon who takes the benefit of the same.   In this State it is otherwise.   The measure of damages is not determined by such consideration.   It is expressly provided, that the plaintiff may " recover such damages as are a fair and just compensation for the pecuniary injury, resulting from such death."   Injury to whom?   Plainly such persons as the statute designates, and not to one class of them more than another.   *Kesler* v. *Smith*,  66 N. C., 154 ; *Burton* v. *The Railroad Company*, 82 N. C., 504.

Nothing appearing to the contrary, the presumption was that the intestate left next-of-kin surviving him, and whoever insisted upon the contrary was bound to aver and prove the fact.  *University* v. *Harrison*, 90 N. C., 385 ; *Harvey* v. *Thornton*, 14 Ill., 217 ; *Lawson* on Presumptive Ev., 198.   And as the next-of-kin generally, in the order prescribed, would take the damages recoverable, it was for this reason not necessary to allege that the intestate had next-of-kin.   If he had not, and this fact could avail the defendant, it should have pleaded and proven it as matter of defence.

But if this were not so, the statute makes still further provision for the *disposition* of the damages when recovered.   The Code, §1504, which is a part of the same chapter cited above, prescribes that, "All sums of money or other estate of whatever kind," &c., shall, if not claimed as therein indicated within ten years, go absolutely to the University.

We are unable to see anything in the terms or purpose of the statute, that warrants such interpretation of it as would exclude the University from taking the damages recovered in the absence of next-of-kin.   The statute, (The Code, §1498,) in broad and comprehensive terms, gives the action ; §1499, prescribes in terms quite as comprehensive, that the damages recoverable shall be such " as are a fair and just compensation for the pecuniary injury resulting from such death," and §1500 prescribes that such damages shall not be applied as assets in the payment of debts or legacies, " but shall *be disposed of* as provided in this chapter, for the distribution of personal property, *in case of intestacy.*"   It is observable that the damages are not simply to be *disposed* of as provided in this chapter for the *distribution* of *personal* property, but as *"in case of intestacy."*   These latter words are significant, as tending to show a definite purpose, to make a complete disposition in any case, of the damages.   As we have seen, in case of intestacy, the personal property of the intestate is to be distributed, first, to the widow and children, or the legal representative of such child or children as may be dead ; if there be none, the representative of children ; then to the succeeding next-of-kin gen-

erally, and if the classes thus entitled, do not claim it in the way and within the time prescribed, it is just as certainly to be disposed of to the University.

It is said that the purpose of actions like this, is to provide for the widow and children of the intestate, and this is no doubt true, but it is likewise just as true and certain—the provision is plain—that their further purpose is to provide for the next succeeding next-of-kin, who, in many cases, have very little natural claim upon the intestate. The purpose of such actions reaches certainly beyond the claim of those who are first entitled to the benefit of the labor and efforts of the intestate. It seems to have been part of the purpose of the statute giving the action and disposing of the damages recoverable in it, to give the latter to the University in case of the possible absence of next-of-kin. It has for a long period been the settled policy of the State, to dispose of unclaimed property in the hands of executors and administrators, to the University, and a like disposition is made of damages in actions like the present.

So, that in any case, the statute directs a disposition of the damages that may be recovered from the defendant in this action. It cannot, therefore, concern it to inquire who shall be entitled to take benefit of the same. It has no right or interest in that respect. Hence, it was not only not necessary, but it would have been improper, to allege in the complaint that there were next-of-kin of the intestate. Any issue raised in such respect, would have been beside the case, immaterial and improper.

There are cases in other States, in which it has been held that it must be alleged in the complaint that there are persons designated by the statute, who can take the damages when recovered, but in those States, the statute designated particular classes of persons to take, as the widow and children, or the father or mother. In such cases, it might be very proper to require such allegation, because, in the absence of persons to take, the action would not lie. These decisions, however, are not uniform. In some States, as in Virginia, it has been held that such allegation

was not necessary. *Railroad Company* v. *Whitman's Adm'r*, 29 Grat., 431 ; *Matthews* v. *Warner*, Id. 570. In Indiana it has been held otherwise. *Stewart* v. *Railroad Company*, 21 Am. & Eng. R. R. Cases, 209. *Pierce on Railroads*, 392.

There is error, and to the end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court. It is so ordered.

Error. Reversed.