C. N. DAVENPORT, JR., ADMINISTRATOR OF THE ESTATE OF BETTY GERTRUDE PATRICK, DECEASED, v. AUGUSTUS R. PATRICK, JR.

(Filed 24 September, 1947.)

1. **Death § 3—**

An administrator instituted this action for wrongful death against intestate's husband upon allegations that the husband's negligence caused the death of his intestate. Intestate left no children her surviving. *Held:* The husband being the sole beneficiary of any recovery, G. S., 28-149 (9), the courts will look beyond the nominal party plaintiff, and recovery will not be allowed under the principle that a wrongdoer will not be permitted to enrich himself as a result of his own misconduct.

2. **Death §§ 3, 9—**

The right of action for wrongful death is purely statutory, and provisions of the statute authorizing the institution and maintenance of such action are no more binding on the courts than the provisions of the same statute directing the distribution of recovery, and the persons entitled to distribution of such recovery are to be determined as of the time of intestate's death.

3. **Actions § 3c— '**

Public policy will not permit a wrongdoer to enrich himself as a result of his own misconduct.

4. **Death § 3: Husband and Wife § 7—**

An administrator instituted this action for wrongful death against intestate's husband alleging that intestate's death resulted from the husband's negligence. Recovery was allowed to the extent of expenses for burial of intestate. G. S., 28-173. *Held:* The husband is primarily liable for the burial expenses of his wife, and he would be the beneficiary of such recovery, and therefore recovery for burial expenses by the administrator will not be allowed.

APPEAL by plaintiff and defendant from *Frizzelle, J.,* at April Term, 1947, of WASHINGTON.

Civil action instituted 18 October, 1944, by the plaintiff, administrator of the estate of Betty Gertrude Patrick, deceased, for the wrongful death of his intestate. The parties hereto entered into certain stipulations in the trial below, the pertinent part of which reads as follows:

"The defendant in this action, having renounced his right to administer upon the estate of his deceased wife, the plaintiff, C. N. Davenport, Jr.,

thereafter was duly appointed as administrator of the estate of Mrs. Betty Gertrude Patrick, deceased, and is now the duly qualified and acting administrator of the said estate. It is stipulated that plaintiff's intestate died as a proximate result of the negligent operation of an automobile owned by the defendant and in which he and his deceased wife and four other persons were riding and that this action was duly instituted within twelve months after the death of the said deceased; that the deceased in no wise contributed to the injuries alleged to have been suffered by her resulting in her death, and that she was riding in said automobile on said occasion as a guest of the defendant. It is stipulated that the said Mrs. Betty Gertrude Patrick died leaving no child nor representative of any child, leaving the defendant, her surviving husband, and that she also left her surviving her father and her mother. It is stipulated that the deceased was a young woman 16 years of age and that she was in good health mentally and physically and that for sometime prior to her death was earning as much as $45 per week and that her cost of living did not exceed $20 per week. It is stipulated that bills relating to and embracing funeral expenses in the aggregate sum of $889.47 have been filed with the plaintiff administrator; that the administrator is the undertaker who buried the deceased."

Whereupon the court entered the following judgment: "It was agreed that the Court should render judgment upon the admissions of the parties contained in the foregoing stipulations and the principles of law applicable to and controlling the same without the intervention of a jury. Upon a careful consideration of the admissions contained in the stipulations hereinbefore set out in this action which was brought and is an action for actionable negligence against the defendant to recover damages for the death of plaintiff's intestate, who was the wife of the defendant, the Court is of the opinion that under the applicable principles of law the only recovery that can be had in this action is the actual amount of the burial expenses and the costs of the action. It is, therefore, Considered, Ordered, Adjudged and Decreed that the plaintiff have and recover of the defendant the actual amount of the burial expenses incurred in the burial of the plaintiff's intestate and the cost of this action, the amount of said burial expenses to be ascertained and determined in the due course of the administration of said estate by and before the Clerk in the exercise of his probate jurisdiction."

The plaintiff and the defendant appealed, and assign error.

*W. L. Whitley and W. L. Whitley, Jr., for plaintiff.*
*Norman & Rodman for defendant.*

## PLAINTIFF'S APPEAL.

DENNY, J.  The plaintiff excepts to an order of the court below, allowing the defendant to amend his answer to show the relationship of the parties and to plead the wrongful conduct of the defendant as alleged by the plaintiff, as a bar to any recovery in this action.

In view of the stipulations entered into by the parties, the exception is rendered feckless.

The real question posed on plaintiff's appeal is simply this: Where the death of a wife was caused by the negligence of her husband, there being no issue of the marriage, can the administrator of the deceased wife recover from the husband for her wrongful death?

The plaintiff contends that what disposition may be made of the recovery in this action, has no bearing or limitation on the right of the plaintiff to maintain the action, as provided in G. S., 28-173, and cites *Warner v. R. R.,* 94 N. C., 250.  In that case a nonsuit was entered because the complaint did not allege that the intestate had next of kin.  The Court said, in discussing this statute: "It seems that its purpose is to give the action for the recovery of damages in the case provided, without reference to who may become the beneficiaries, excluding creditors and legatees. . . . Nothing appearing to the contrary, the presumption was that the intestate left next-of-kin surviving him, and whoever insisted upon the contrary was bound to aver and prove the fact.  *University v. Harrison,* 90 N. C., 385; *Harvey v. Thornton,* 14 Ill., 217; Lawson on Presumptive Ev., 198.  And as the next-of-kin generally, in the order prescribed, would take the damages recoverable, it was for this reason not necessary to allege that the intestate had next-of-kin.  If he had not, and this fact could avail the defendant, it should have pleaded and proven it as matter of defense."

We concede that ordinarily the courts are not concerned as to how or to what particular person or persons a recovery in an action for wrongful death will be distributed,—that is, the courts have no favorites among distributees.  But where it is made to appear that the beneficiary of the action was responsible for the death of plaintiff's intestate, another principle of law intervenes.

The courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest.  The real party in interest in this action is not the administrator, but the beneficiary under the statute for whom the recovery is sought.  *Harrison v. Carter,* 226 N. C., 36, 36 S. E. (2d), 700; *Pearson v. Stores Corp.,* 219 N. C., 717, 14 S. E. (2d), 811; *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613; *Holmes v. Wharton,* 194 N. C., 470, 140 S. E., 93; *Avery v. Brantley,* 191 N. C.,

396, 131 S. E., 721; *Vaughan's Admr. v. Lawrence & N. R. Co.,* 297 Ky., 309, 179 S. W. (2d), 441; *Robinson's Adm'r v. Robinson,* 188 Ky., 49, 220 S. W., 1074; *Dishon's Adm'r v. Dishon's Adm'r,* 187 Ky., 497, 219 S. W., 794. The beneficiary here is the defendant. For all practical purposes he is the plaintiff and the defendant.

The right to maintain an action for wrongful death is purely statutory. No such right existed at common law, and the provisions of the statute authorizing the institution and maintenance of such an action are no more binding upon the courts than the provisions of the same statute which direct how the recovery in such action, shall be distributed. The rights of claimants to the proceeds recovered in an action for wrongful death, are determined as of the time of intestate's death. *Neil v. Wilson,* 146 N. C., 242, 59 S. E., 674. And we know of no statutory provision or decision of this Court that would permit a recovery for wrongful death, and then direct the distribution of such recovery in a manner other than as directed by the statute of distribution. At the time of the death of plaintiff's intestate, the defendant was and still remains the sole beneficiary under the law, of her personal estate and of any recovery that might be obtained for her wrongful death. G. S., 28-149 (9).

Public policy in this jurisdiction, buttressed by the uniform decisions of this Court, will not permit a wrongdoer to enrich himself as a result of his own misconduct. *Pearson v. Stores Corp., supra; Reid v. Coach Co.,* 215 N. C., 469, 2 S. E. (2d), 578; *Brown v. R. R.,* 204 N. C., 668, 169 S. E., 419; *Goldsmith v. Samet,* 201 N. C., 574, 160 S. E., 835; *Parker v. Potter,* 200 N. C., 348, 157 S. E., 68; *Davis v. R. R.,* 136 N. C., 115, 48 S. E., 591.

In the case of *Dishon's Adm'r v. Dishon's Adm'r, supra,* the facts were similar to those in the instant case, except the husband died before the institution of the action. Therefore we quote the opinion at some length. The Court said: "In this case the petition discloses the fact that Mrs. Dishon left no children, and therefore under the letter of section 241 of the Constitution and section 6 of the statutes an action is provided, if applicable under such circumstances as we have here, by which the administrator of the wife can sue the husband or his estate, not for the benefit of the plaintiff, but for the benefit of the defendant. That is, the wrongdoer is both the defendant and the real plaintiff, the net result of which would be, of course, that the real parties are not beneficially interested, and the only persons who could be benefited by the action would be the attorneys and other court officials to the extent of the fees to which they might be entitled for services rendered. Does not this unavoidably and necessarily render the whole proceeding a moot case? Certainly the time and processes of the court are employed only in

determining an abstract question of law and fact in which the parties to the action have no beneficial interest. Surely no one would suggest the possibility that the framers of the Constitution or the members of the Legislature had any such purpose in view when they gave their time and attention to the preparation and adoption of these sections; and we cannot give to them any such effect. So despite the comprehensive language in which the abstract right of action for negligent or wrongful death is established by both the Constitution and the statute, its concrete application is necessarily limited to real controversies between parties adversely interested. Hence the right is not conferred upon the personal representative of the decedent to sue the wrongdoer for the latter's benefit. It is insisted, however, by counsel for plaintiff that the question of the disposition of any recovery that might be obtained in this action is not here, and it is intimated that when, in a suit to settle the estate of plaintiff's intestate, that question arises, her collateral kin may contest the right of the husband's estate to receive the proceeds of the recovery upon the ground that it is against the public policy of the state to permit one to benefit by his own wrong. The Legislature, however, has plenary power to declare the public policy of the state except in so far as it is defined by the Constitution, and, under express constitutional authority, so to do, has provided that the husband in the absence of children shall be the beneficiary of any recovery for the wrongful death of his wife. The terms so providing are as broad as those which provide that a recovery may be had. If we cannot limit the plain, unambiguous terms by which the right to sue is created, neither can we limit the equally plain and unambiguous terms by which the public policy of the state as to who shall be the beneficiary of the suit is declared. We must take both as we find them, and the fact that the public policy as declared destroys the right of action as conferred in so far as this particular plaintiff and this character of action are concerned does not confer upon us the power to declare that the right exists in the absence of a person entitled under the law to exercise same and to confer that right upon someone else."

In *Pearson v. Stores Corp., supra, Winborne, J.,* in speaking for the Court, said: "The weight of authority and the better view is that the contributory negligence of one parent, even though it bar recovery for his or her benefit, or to the extent of his or her interest in an action by the administrator for the death of a child, will not defeat recovery by or for the benefit of the other parent who is not negligent, but that the amount of the verdict will merely be reduced to the extent of the negligent parent's share." Hence, if the plaintiff's intestate had left a child or children, this action could be maintained for the benefit of such child or children. The recovery, however, would be limited to the pro rata part to which such child or children would be entitled to take under the

statute of distribution. *Pearson v. Stores Corp., supra; Robinson's Adm'r v. Robinson, supra.*

### DEFENDANT'S APPEAL.

The defendant is primarily liable under the common law and our decisions for the burial expenses of his wife. *Bowen v. Daugherty,* 168 N. C., 242, 84 S. E., 265. We do not think a cause of action exists for the recovery of burial expenses in an action for wrongful death separate and apart from the right to recover for the wrongful death. The statute provides for the payment of burial expenses out of "the amount recovered in such action." G. S., 28-173. We think it was error to enter judgment against the defendant for burial expenses.

Plaintiff's appeal—Affirmed.

Defendant's appeal—Reversed.