JAMES EDWARD BURTON, ADMINISTRATOR OF THE ESTATE OF LYDA ANN BURTON v. EDWARD JAMES CROGHAN AND BERNARD AUSTIN.

(Filed 29 September, 1965.)

APPEAL by plaintiff from *Bundy, J.,* March 1965 Session of ONSLOW. Action for the wrongful death of a 6-year-old girl.

Upon the trial the jury found that plaintiff's intestate was killed by the negligence of defendants and assessed damages in the sum of $2,-500.00. Contending that the amount awarded was inadequate, plaintiff moved to set aside the verdict on the second issue. The motion was denied. Plaintiff appeals assigning error in the judge's charge on the measure of damages.

*Charles L. Abernethy, Jr., for plaintiff appellant.*
*E. W. Summersill; Ellis, Hooper, Warlick & Waters for defendant appellees.*

PER CURIAM. A careful examination of the judge's charge reveals no error prejudicial to plaintiff. Indeed, the charge was more favorable to appellant than the law allows. The judge instructed the jury that the funeral bill of $895.00 was "an item to be taken into consideration" if it reached the issue of damages. G.S. 28-173 permits the amount recovered in an action for wrongful death to be applied to the payment of the burial expenses of the deceased, but the funeral bill itself is not an item of damages. G.S. 28-174; *Davenport v. Patrick,* 227 N.C. 686, 691, 44 S.E. 2d 203, 206. This error in the charge was, no doubt, prejudicial to defendants. They, however, have not complained, and plaintiff may not.

Except for the inclusion of the funeral bill, the judge instructed the jury, with reference to the measure of damages, in conformity with the well established rule applicable in wrongful-death actions. *Bryant v. Woodlief,* 252 N.C. 488, 114 S.E. 2d 241; *Caudle v. R. R.,* 242 N.C. 466, 88 S.E. 2d 138. The measure of damages for the death of a child is the

same as for an adult, notwithstanding the difficulty of applying the rule "is greatly increased in the case of an infant." *Rea v. Simowitz,* 226 N.C. 379, 382, 38 S.E. 2d 194, 196; *Russell v. Steamboat Co.,* 126 N.C. 961, 967, 36 S.E. 191, 192.

No error.