HERMAN JAMES CRAWFORD v. HINTON G. HUDSON, JR., GUARDIAN AD LITEM FOR WILLIAM JAMES HAYDEN

No. 6921SC35

(Filed 5 February 1969)

1. **Parent and Child § 5— action for funeral expenses and loss of services of unemancipated child**

    In an action for funeral expenses and loss of services of plaintiff's deceased minor child, failure of the complaint to allege that the child was "unemancipated" is not fatal.

2. **Parent and Child § 5— liability for funeral expenses of child**

    The father of an unemancipated minor child is liable for the reasonable funeral expenses of the child.

3. **Death § 7— damages — funeral expenses**

    Funeral expenses do not constitute an element of damages in a wrongful death action.

4. **Death § 7— damages — burial expenses**

    A cause of action does not exist for the recovery of burial expenses in an action for wrongful death separate and apart from the right to recover for the wrongful death, the statute providing for the payment of burial expenses out of the amount recovered in such action. G.S. 28-173.

5. **Parent and Child § 5— action for funeral expenses and loss of services of unemancipated child**

    The father of an unemancipated minor child whose death results from the negligent act of a third party has a cause of action against the third party for the reasonable and necessary funeral expenses and loss of services during the minority of the deceased child which is separate and

apart from the cause of action by the personal representative for the wrongful death of the child.

APPEAL by plaintiff from *McConnell, J.*, 30 September 1968, Civil Session, FORSYTH County Superior Court.

Herman James Crawford (plaintiff) instituted this civil action in his individual capacity as father of his deceased son, Herman Colman Crawford, Jr., to recover for funeral and burial expenses, grave plot, tombstone, and loss of services during the remaining period of minority.

In his complaint the plaintiff alleged that deceased was living in the plaintiff's household at the time of his death; deceased was riding as a passenger in an automobile being operated by William James Hayden (defendant); the vehicle, which was being operated in a negligent and unlawful manner, overturned; and deceased died as a result of injuries received in the accident. It was further alleged that: "Plaintiff has expended the reasonable and necessary sum of $1,261.82 for the funeral expenses and burial of his deceased son, $125.00 for the grave plot, and $175.00 for a suitable tombstone, for a total of $1,561.82. In addition, the plaintiff has suffered the loss of services of his minor son during the remaining period of his minority in the amount of $2,500.00."

The defendant filed a demurrer to the complaint asserting that the complaint failed to state a cause of action because the plaintiff had previously instituted an action as administrator of his son's estate seeking to recover for his wrongful death. It was further asserted that: ". . . the plaintiff has in law no cause of action for funeral expenses, grave plot, tombstone, or for loss of services of his minor son — other than such rights as he may have in the wrongful death action which he has instituted."

From the order of the trial court sustaining the demurrer and dismissing the action, the plaintiff appealed.

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Jimmy H. Barnhill for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr., J. Robert Elster and James H. Kelly for defendant appellee.*

CAMPBELL, J.

[1] At the outset we note the complaint does not state that the plaintiff is the surviving father of his deceased "unemancipated"

minor son. While it would be preferable to use the word "unemancipated", failure to do so is not fatal. Therefore, the demurrer should not have been sustained and the action dismissed, if the plaintiff has otherwise stated a cause of action.

[5]　The question, therefore, presented for decision is: "Can the father of an unemancipated minor child whose death results from the negligent act of a third party recover from such third party the reasonable and necessary funeral expenses and loss of services during minority of the deceased child?" We think the answer to this question is "yes".

[2]　The father of an unemancipated minor child is liable for the reasonable funeral expenses of such child. *Hunycutt v. Thompson,* 159 N.C. 29, 74 S.E. 628; 3 Lee, North Carolina Family Law, § 231, p. 67.

[3, 4]　Funeral expenses do not constitute an element of damages to be taken into consideration in a wrongful death action. *Burton v. Croghan,* 265 N.C. 392, 144 S.E. 2d 147. A cause of action does not exist for the recovery of burial expenses in an action for wrongful death separate and apart from the right to recover for the wrongful death. The statute provides for the payment of burial expenses out of the amount recovered in such action. G.S. 28-173. *Davenport v. Patrick,* 227 N.C. 686, 44 S.E. 2d 203.

[5]　Here, however, we do not have an action for wrongful death. This is an action brought by the person primarily responsible for the funeral expenses and the person entitled to the services during minority. This is an independent and separate cause of action. In *Hoke v. Greyhound Corp.,* 226 N.C. 332, 38 S.E. 2d 105, the Supreme Court carefully reviewed the history of the wrongful death statute modeled after Lord Campbell's Act and concluded that the North Carolina Court has uniformly held that the wrongful death statute conferred a new right of action which did not exist before the statute and which at the death of an injured person accrued to the personal representative of the decedent for the benefit of a specific class of beneficiaries. The Supreme Court went on to say that on the other hand the right of an injured person to sue for personal injuries of any kind is entirely separate and distinct from the right of the personal representative to sue under authority of the wrongful death statute. Any damage sustained by such person during his lifetime is personal to that person and, if proximately caused by the wrongful act of another, could be recovered by him. If this right of action survived his death, the recovery would be an asset of his estate to be admin-

istered as any other personal property owned and possessed by decedent at the time of his death. The Supreme Court stated:

> "Moreover, while both the right of action for the recovery of consequential damages sustained between date of injury and date of death, and the right of action to recover damages resulting from such death have as basis the same wrongful act, there is no overlapping of amounts recoverable. But such consequential damages as flow from the wrongful act would be recoverable — by the personal representative — those sustained by the injured party during his lifetime, for benefit of his estate, and those resulting from his death, for benefit of his next of kin — determinable upon separate issues." *Hoke v. Greyhound Corp.,* *supra.*

Thus, the Supreme Court recognized two different causes of action stemming from the same wrongful act. In that case, both were recoverable by the same party plaintiff, namely, the personal representative; nevertheless, the personal representative would hold the recovery in two classifications determined upon separate issues.

In the instant case, we are recognizing two different causes of action stemming from the same wrongful act. Instead of the same party bringing both causes and holding the recovery in two classifications determined upon separate issues, we have one cause being presented here, and the recovery would be held by the father in his individual capacity because of a liability incurred by him due to the wrongdoing of the defendant.

While the wrongful death statute, G.S. 28-173, provides that "(t)he amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, and reasonable hospital and medical expenses not exceeding five hundred dollars ($500.00) incident to the injury resulting in death", there is no provision that the recovery must be applied to burial expenses. In a case of an unemancipated minor child the father, who is primarily liable for the burial expenses of such child, would not be able to recover such expenses from the wrongful death funds. This being true, it would not be equitable or just for a wrongdoer to place this burden and expense upon an innocent father.

In the case of *In Re Peacock,* 261 N.C. 749, 136 S.E. 2d 91, the Supreme Court specifically recognized two separate causes of action growing out of the same wrongful act of the tortfeasor and two separate recovery funds. "The wrongful death fund" resulted from the

wrongful death cause of action and "the general estate fund" resulted from the personal injury cause of action. It was held that the treatment for injuries during the interval between injury and death, over and beyond the $500 provided for in G.S. 28-173, was to be paid to the doctors and hospital from this general estate fund. The Supreme Court thus recognized the right of creditors (the doctors and hospital) to recover more than the wrongful death statute authorized (i.e., more than the $500) by recovering from the funds of the other cause of action.

Just as in the *Peacock* case, *supra*, we think "the ends of justice and equity require" a finding that the plaintiff in this case has stated a valid cause of action in his complaint.

Reversed.

BROCK and MORRIS, JJ., concur.