JACKSON N. EVANS, ADMINISTRATOR OF THE ESTATE OF JACKSON EDWARD EVANS, PLAINTIFF v. ROSE MARIE EVANS DIAZ, DEFENDANT

No. 9122SC179

(Filed 18 February 1992)

Death § 23 (NCI4th) — automobile accident — death of child — mother as sole beneficiary — mother's renunciation — wrongful death action against mother

Defendant mother's renunciation of her right to inherit from her son in favor of the son's two sisters related back to the time of the son's death pursuant to N.C.G.S. § 31B-3(a), and defendant mother is deemed to have predeceased her son. Therefore, the son's estate was not barred from recovery against the mother for the wrongful death of the son in an automobile accident on the ground that the alleged wrongdoer was the son's sole heir at the time of his death.

Am Jur 2d, Death § 165.

Fact that tortfeasor is member of class of beneficiaries as affecting right to maintain action for wrongful death. 95 ALR2d 585.

APPEAL by plaintiff-administrator from order entered 17 January 1991 by *Judge Preston C. Cornelius* in ALEXANDER County Superior Court. Heard in the Court of Appeals 14 November 1991.

On 16 October 1988, defendant Rose Marie Evans Diaz was driving an automobile involved in an accident wherein her son, Jackson Edward Evans, died. Jackson was survived by his mother and his two sisters, Angela Marie Evans and Dollie Victoria Diaz. No father's name appears on Jackson's birth certificate, and he was never legitimated or adopted.

On 12 January 1990, defendant Diaz, the sole heir to Jackson's estate, filed with the clerk of court in Alexander County, the renouncement of a right to qualify and renouncement of a right to inherit. The renouncement of the right to inherit was in favor of Angela and Dollie. Contemporaneously, Jackson N. Evans, defendant's father and Jackson's grandfather, applied for letters of administration of the estate of Jackson and was appointed as administrator on 16 January 1990. On 15 February 1990, Jackson N. Evans, as administrator, brought the wrongful death action against defendant, contending that the death of Jackson was caused by the negligence of defendant.

*Joel C. Harbinson for plaintiff-administrator.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant-appellee.*

JOHNSON, Judge.

Both parties to this action concede that the controlling issue before this Court is "whether the plaintiff estate is barred from recovery for wrongful death against the defendant by virtue of the fact that the defendant was the sole [heir or beneficiary of the estate] of Jackson Edward Evans, the deceased." The trial court found that the plaintiff estate was barred from recovery. We disagree.

In *Carver v. Carver*, 310 N.C. 669, 314 S.E.2d 739 (1984), the Supreme Court held that where recovery in a wrongful death action depends on establishing liability of a party who is the sole beneficiary of the decedent's estate, the action may not be brought at all. Plaintiff contends, however, that this general rule does not apply because the renouncement of right to inherit, executed by defendant in favor of Jackson's two surviving sisters, relates back to the time of the decedent's death and causes decedent's two sisters to be his only heirs.

Considering plaintiff's argument, the issue then becomes whether the rights of claimants to wrongful death proceeds are to be determined at the time of the decedent's death or some later time. This issue was addressed in *Davenport v. Patrick*, 227 N.C. 686, 44 S.E.2d 203 (1947), where the administrator of the estate of the deceased wife brought a wrongful death action against the intestate's husband for his negligent operation of a motor vehicle. The husband was the sole beneficiary. The Court, denying recovery, held that "[t]he rights of claimants to the proceeds recovered in an action for wrongful death are determined as of the time of the intestate's death[,]" and "[a]t the time of the death of the plaintiff's intestate, the defendant was and still remains the sole beneficiary[.]" *Id.* at 688, 44 S.E.2d at 205. The case at bar, however, can be distinguished from *Davenport* in that the defendant, Rose Diaz, does not *still* remain Jackson's sole heir.

General Statute § 31B-3(a) provides, in pertinent part, that when there is a renunciation, "[u]nless the decedent or donee of the power has otherwise provided in the instrument creating the interest, the property or interest renounced devolves as if the renouncer had predeceased the decedent[.]" The statute also further mandates that the "renunciation relates back *for all purposes* to the date of the death of the decedent or the donee of the power." (Emphasis added.)

Applying G.S. § 31B-3(a) to the facts of the case *sub judice*, Rose Diaz was deemed to have predeceased her son when she filed the renunciation of the right to inherit. Furthermore, defendant's renunciation related back to the time of the decedent's death, which is also the time for determining the rights of claimants to the proceeds recovered in a wrongful death action. Therefore, under the Intestate Succession Act, G.S. § 29-15(4), the decedent's only heirs at the time of his death were Angela Evans and Dollie Diaz. Defendant is not a beneficiary in this wrongful death action, and the relation-back mandate of G.S. § 31B-3(a) signifies that defendant never had legal title to the proceeds or interests of the plaintiff estate. *See Hinson v. Hinson*, 80 N.C. App. 561, 569, 343 S.E.2d 266, 271 (1986) (Renouncer never actually holds legal title to the property.). Accordingly, the plaintiff estate should not be barred from recovery on the basis that the alleged wrongdoer, Rose Diaz, was Jackson's sole heir at the time of his death.

We do not believe that this decision contravenes public policy. The record shows no evidence that defendant received any fraudulent benefit from the renunciation, and absent such evidence, her motivation for renouncing is immaterial. *See Reese v. Carson*, 3 N.C. App. 99, 164 S.E.2d 99 (1968). We, therefore, hold that under the facts of this case the renunciation and the relation-back mandate of G.S. § 31B-3(a) change the result and distinguish this case from *Davenport* and *Carver* where no renunciations were filed and recovery was denied.

Reversed and remanded for entry of judgment pursuant to the amended stipulation of the parties.

Judges EAGLES and ORR concur.