JACKSON N. EVANS, ADMINISTRATOR OF THE ESTATE OF JACKSON EDWARD EVANS v. ROSE MARIE DIAZ

No. 149PA92

(Filed 4 June 1993)

**Death § 23 (NCI4th) — death of child — negligence by mother — mother as child's sole beneficiary — mother's renunciation — wrongful death action not permitted**

Where a mother's allegedly negligent operation of an automobile caused her son's death and the mother was the son's sole heir, the mother's purported renunciation of her right to inherit from her son in favor of the son's two sisters did not permit a wrongful death recovery against the mother in favor of the sisters because (1) the mother succeeded to no property interest under the Wrongful Death Act and there was thus no interest under the Act to which the sisters could

succeed by virtue of the mother's renunciation; and (2) the legislature did not intend for the renouncement statute, N.C.G.S. § 31B-1(a), to apply to wrongful death recoveries.

**Am Jur 2d, Death § 208.**

**Contributory negligence of beneficiary as affecting action under death or survival statute. 2 ALR2d 785.**

Justice PARKER did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 105 N.C. App. 436, 413 S.E.2d 558 (1992), reversing a judgment entered 17 January 1991 by Cornelius, J., in the Superior Court, Alexander County. Heard in the Supreme Court on 3 November 1992.

*Joel C. Harbinson and James O. Icenhour for plaintiff-appellee.*

*Patrick Harper and Dixon, by Stephen M. Thomas, for defendant-appellant.*

EXUM, Chief Justice.

This is a wrongful death action in which the deceased, a seven-year-old boy, was killed by the allegedly negligent operation of an automobile by defendant, the boy's mother and his only heir. Allegedly, defendant permitted the boy to ride on the hood of the car; and when he fell off, the car ran over him.

Under our precedents it is clear this action could not be maintained for the benefit of defendant-mother. She, however, before the action was filed renounced her right to inherit from her son in favor of her two daughters, the sisters of her son.

The issue is whether this renunciation breathes life into an otherwise moribund claim. The trial court concluded not; the Court of Appeals reversed; we agree with the trial court and reverse the Court of Appeals.

The parties have stipulated, or it is otherwise uncontradicted in the record, as follows: The deceased, who died intestate, was survived by defendant and two sisters; thus, defendant was at the time of death the deceased's sole heir under the Intestate Succession Act, N.C.G.S. § 29-15(3) (1984), and solely entitled to

EVANS v. DIAZ

[333 N.C. 774 (1993)]

any recovery which would be realized in a wrongful death action brought on account of her son's death, N.C.G.S. § 28A-18-2 (1984). On 5 January 1990 pursuant to Chapter 31B (1989) of the General Statutes, defendant formally renounced her right to inherit from her son and purported to transfer this right to her two remaining children, the deceased's sisters. On the same date defendant also formally renounced her right to administer her son's estate in favor of plaintiff, her father and the deceased's grandfather. Plaintiff filed this action under the Wrongful Death Act, N.C.G.S. § 28A-18-2, on 14 February 1990.

May the action be maintained? Judge Cornelius, presiding at trial, held, on stipulated facts, that it could not. He reasoned that "[t]he determination as to the beneficiaries of the estate . . . is to be made as of the time of death . . . and . . . that the defendant has since . . . filed a renunciation of her right to inherit from [the deceased] should not be allowed to . . . affect the fact that the sole original beneficiary of the plaintiff estate was the defendant . . . ." Judge Cornelius, pursuant to the parties' pretrial stipulation, entered judgment for plaintiff for $10,000.[1] The Court of Appeals disagreed, interpreting a portion of the Act governing renunciation of transfers by intestacy, N.C.G.S. § 31B-3, to mean that the action could proceed on behalf of the defendant's two remaining children. The Court of Appeals remanded for entry of judgment in accordance with the parties' stipulation.

We allowed defendant's petition for further review. Concluding, for essentially the reason given by Judge Cornelius, that the action cannot be maintained, we reverse the decision of the Court of Appeals and reinstate the trial court's judgment.

In an action brought under the Wrongful Death Act the real party in interest is not the estate but the beneficiary of the recovery as defined in the Act. *Davenport v. Patrick*, 227 N.C. 686, 44 S.E.2d 203 (1947). The proceeds of a wrongful death recovery do not constitute, generally, assets of the estate and are not available to pay creditors or legacies, except for burial expenses and limited hospital and medical expenses. N.C.G.S. § 28A-18-2; *Carver v. Carver*, 310 N.C. 669, 314 S.E.2d 739 (1984).

---

1. Interestingly, the parties stipulated before trial that if the courts should ultimately determine that the action is barred, a judgment of $10,000 shall nevertheless be entered for plaintiff against defendant; but if the courts ultimately determine that the action is not barred, the judgment shall be for $20,000.

EVANS v. DIAZ

[333 N.C. 774 (1993)]

In *Carver* the Court summarized the law relating to the maintenance of wrongful death actions when recovery depends on establishing the liability of one who, under the Wrongful Death Act, would share in the recovery:

> in wrongful death actions where recovery depends on establishing the liability of a party who is also a beneficiary of the decedent's estate, the recovery obtained shall be reduced by the party-beneficiary's pro rata share and the party-beneficiary is precluded from participating in the recovery; but the action may be maintained on behalf of the other beneficiaries, if any. Further, if recovery in a wrongful death action depends on establishing the liability of a party who is the sole beneficiary of decedent's estate, the action may not be brought at all.

*Carver*, 310 N.C. at 678, 314 S.E.2d at 744 (citations omitted). These rules are based on the ancient maxim that one should not profit by one's own wrong. *In re Estate of Ives*, 248 N.C. 176, 102 S.E.2d 807 (1958).

It is thus clear, and all parties agree, that had defendant-mother not renounced her right to inherit from her deceased son, she being his sole heir and solely entitled to any wrongful death recovery, this action, which rests on establishing her liability for the death, could not be maintained. The question is, what effect does her renunciation pursuant to Chapter 31B have on the viability of the action against her.

Recognizing the principle that "[t]he rights of claimants to the proceeds recovered in an action for wrongful death are determined as of the time of the intestate's death," *Davenport v. Patrick*, 227 N.C. 686, 688, 44 S.E.2d 203, 205, the Court of Appeals relied on two provisions of the renunciation statute which make renunciation also effective as of the time of death. Both provisions are contained in N.C.G.S. § 31B-3(a). The first provides, with exceptions not here pertinent, that "the property or interest renounced devolves as if the renouncer had predeceased the decedent." The second is that "[a] renunciation relates back for all purposes to the date of death of the decedent . . . ."

The Court of Appeals apparently believed the phrase "for all purposes" was broad enough to include the Wrongful Death Act; for it reasoned that for the purpose of determining whether an

EVANS v. DIAZ

[333 N.C. 774 (1993)]

action under that Act could be maintained, the interest of a renouncing wrongful death beneficiary should be treated as devolving "as if the renouncer had predeceased the decedent." So treated, it is as if the renouncer never was a wrongful death beneficiary; therefore, there is no bar to a wrongful death recovery by the succeeding wrongful death beneficiaries since they are, and have always been, innocent.

While this analysis has a surface appeal based on its logic, we believe it is flawed for two reasons. First, it overlooks other, more substantive provisions of the renunciation statute which would preclude the result reached by the Court of Appeals even if the Act applied to wrongful death recoveries. Second, applying the renunciation statute to wrongful death recoveries gives the Act a reach far beyond what the legislature intended.

Substantively, the renunciation Act clearly contemplates that the renouncer has some property interest subject to being renounced. The Act begins by providing that "[a] person who succeeds to a property interest as [listing the capacities in which such succession could occur] . . . may renounce . . . the right of succession to any property or interest therein . . . ." N.C.G.S. § 31B-1(a). The Act then provides, "In no event shall the persons who succeed to the renounced interest receive from the renunciation a greater share than the renouncer would have received." N.C.G.S. § 31B-1(c).

Here the defendant-mother succeeded to no property interest whatever under the Wrongful Death Act. She would have been barred from any wrongful death recovery because whatever recovery there might have been rested on establishing her liability for the death. Since she succeeded to no property interest under the Wrongful Death Act, there was nothing under that Act which she could renounce. Further, since the persons who succeeded to the renounced interest cannot receive a greater share from renouncement than the renouncer would have received, there is no interest under the Wrongful Death Act to which defendant's children can succeed by virtue of her renouncement.

In short, since there was no interest in a wrongful death recovery which defendant could have renounced, under the renouncement statute itself her renouncement created no such interest in her children. Thus, even if the renouncement statute applied to wrongful death recoveries, it would be unavailing to the estate in this case.

**EVANS v. DIAZ**

[333 N.C. 774 (1993)]

More fundamentally, we are convinced the legislature did not intend for the renouncement statute to apply to wrongful death recoveries. In determining what the legislature intended, we "consider the act as a whole, weighing 'the language of the statute, the spirit of the act, and what the act seeks to accomplish.'" *In Re Arthur*, 291 N.C. 640, 641, 231 S.E.2d 614, 615 (1977).

With regard to the language of the renouncement statute, it contains a long and specific list of the capacities in which one must succeed to an interest which may be renounced.[2]

The list, as exhaustive as it was obviously intended to be, does not include beneficiaries of wrongful death recoveries. Under

---

2. They are as follows:

(1) Heir, or

(2) Next of kin, or

(3) Devisee, or

(4) Legatee, or

(5) Beneficiary of a life insurance policy who did not possess the incidents of ownership under the policy at the time of death of the insured, or

(6) Person succeeding to a renounced interest, or

(7) Beneficiary under a testamentary trust or under an inter vivos trust, or

(8) Appointee under a power of appointment exercised by a testamentary instrument or a nontestamentary instrument, or

(9a) Surviving joint tenant, surviving tenant by the entireties, or surviving tenant of a tenancy with a right of survivorship, or

(9b) Person entitled to share in a testator's estate under the provisions of G.S. 31-5.5, or

(9c) Beneficiary under any other testamentary or nontestamentary instrument, including a beneficiary under:

    a. Any qualified or nonqualified deferred compensation, employee benefit, retirement or death benefit, plan, fund, annuity, contract, policy, program or instrument, either funded or unfunded, which is established or maintained to provide retirement income or death benefits or results in, or is intended to result in, deferral of income;

    b. An individual retirement account or individual retirement annuity; or

    c. Any annuity, payable on death, account, or other right to death benefits arising under contract, or

(9d) The duly authorized or appointed guardian with the prior or subsequent approval of the clerk of superior court, or of the resident judge of the superior court, of any of the above.

(10) The personal representative appointed under Chapter 28A of any of the above or the attorney-in-fact of any of the above . . . .

N.C.G.S. § 31B-1(a).

the doctrine of *expressio unius est exclusio alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list. *See Alberti v. Manufacture Homes, Inc.*, 329 N.C. 727, 407 S.E.2d 819 (1991); *Morrison v. Sears, Roebuck*, 319 N.C. 298, 354 S.E.2d 495 (1987).

Legislative intent may also be inferred from the "consequences which would follow, respectively, from various constructions." *Alberti*, 329 N.C. at 732, 407 S.E.2d at 822. Interpreting the renunciation statute to apply to wrongful death recoveries would have untoward results. Recoveries under the wrongful death statute are grounded almost always in the law of torts. Fundamental to this branch of the law is the notion that rights and defenses of the parties are fixed at the time the tort occurs or the cause of action accrues. *See, e.g., Davenport v. Patrick*, 227 N.C. at 689, 44 S.E.2d at 205 ("The rights of claimants to the proceeds recovered in an action for wrongful death, are determined as of the time of intestate's death."); *see also Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982); *Smith v. Mercer*, 276 N.C. 329, 172 S.E.2d 489 (1970). If the beneficiary of a wrongful death recovery could renounce in favor of others, this would alter, after the fact of the tort giving rise to the claim, the rights and defenses of the parties. Here, for example, it would mean that the action could be maintained; whereas at the time of the tort the action would have been barred. In other cases it could mean a change in the extent of damages recoverable. Certain damages recoverable in wrongful death actions are measured by considering the relationship of the beneficiaries to the deceased and, in certain instances, the ages of the various beneficiaries. *Bowen v. Constructors Equipment Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973). "The first step to determine the damages recoverable under [section (b)(4) of the Wrongful Death Statute, N.C.G.S. § 28A-18-2] is to identify the particular persons who are entitled to receive the damages recovered." *Id.* at 418, 196 S.E.2d at 805. Altering the identity of wrongful death beneficiaries through the device of renunciation would alter the measure of damages for which the defendant could be liable. We are confident the legislature did not intend to empower wrongful death beneficiaries to manipulate in this way the damages for which a defendant might be liable.

Instructive on this point is our decision in *In re Estate of Glenn*, 258 N.C. 351, 128 S.E.2d 408 (1962) (per curiam). There a husband and wife, Herbert and Jo Ann Glenn, were both killed

EVANS v. DIAZ

[333 N.C. 774 (1993)]

in an automobile accident; but the husband survived the wife. Both died intestate. The estates of both brought wrongful death actions against certain defendants. The husband's father was administrator of his son's estate. The husband's parents, his father both as administrator and as heir and his mother as heir petitioned the clerk under the predecessor statute to Chapter 31B to be permitted to renounce their son's estate's and their individual interests in the wife's estate. The clerk allowed the petition but the Resident Superior Court Judge declined to approve the clerk's order. On appeal this Court concluded that while the husband's parents were entitled to renounce their interests in his wife's estate, "[t]he renunciation . . . shall not adversely affect any rights or defenses which may be asserted to defeat any claim on behalf of the estate of the decedent." *In re Estate of Glenn*, 258 N.C. at 353, 128 S.E.2d at 409. In effect, this Court held that the renunciation had no application to the wrongful death actions.

The purpose of the renunciation statute, it seems clear to us, is to provide according to its terms for renunciation of property interests which are transferred by intestate succession or by wills, life insurance, testamentary or inter vivos trusts, pension plans or other such voluntarily drawn instruments of transfer. The legislature did not intend the statute to apply to recoveries under the Wrongful Death Act.

For the foregoing reasons, the decision of the Court of Appeals reversing the judgment of the superior court is

REVERSED.

Justice Parker did not participate in the consideration or decision of this case.