BETTY McDOWELL, Administratrix of the ESTATE OF JOHN ANDERSON, JR., SHARON ANDERSON and CURTIS McDOWELL, minor beneficiaries of the ESTATE OF JOHN ANDERSON, JR., by and through their guardian, BETTY McDOWELL v. THE ESTATE OF JOHN ANDERSON, SR. and the Administrator of said estate, NATHAN E. ANDERSON

No. 8326SC367

(Filed 7 August 1984)

1. **Death § 11— wrongful death—no recovery by negligent beneficiary—no recovery by innocent beneficiary**

   Plaintiff daughter was not entitled to wrongful death proceeds arising from her brother's death in an automobile accident because the estate of her father was the sole direct beneficiary of the wrongful death proceeds arising from the son's death, and the father's estate was prevented from recovery due to the father's wrongdoing.

2. **Descent and Distribution § 1— beneficiaries in wrongful death action—determination at time of death**

   Beneficiaries in a wrongful death action are to be determined at the time of the intestate's death, even though beneficiary and intestate may die the same day.

3. **Insurance § 104— automobile liability insurance—no determination of insured's liability—no unjust enrichment of insurance carrier**

   There was no merit to plaintiff's contention that her father's automobile liability insurance carrier would be unjustly enriched if she were not allowed

to recover proceeds for the wrongful death of her brother, since an automobile liability insurance policy is a contract which provides indemnification against liability as opposed to indemnification against loss or death; if the insured father was not found by law to be liable to anyone for his son's wrongful death, the liability insurance carrier was not responsible for indemnifying the father or his estate; and, until that determination was made, no insurance "fund" was created and the insurance carrier was not unjustly enriched.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 25 January 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 March 1984.

This action arises from an automobile accident on 30 January 1981 in which plaintiff's intestate, John Aaron Anderson, Jr. was killed. Betty McDowell, as administratrix of the Estate of John Aaron Anderson, Jr., and as guardian of the minor sister, Sharon Annette Anderson, and of the minor half brother, Curtis McDowell, filed a complaint pursuant to the North Carolina Wrongful Death Statute G.S. 28A-18-2. Curtis McDowell is no longer a party for the purposes of appeal.

*Chambers, Ferguson, Watt, Wallas, Adkins and Fuller, P.A., by Karl Adkins, for plaintiff appellant.*

*Kennedy, Covington, Lobdell and Hickman, by William C. Livingston, for defendant appellee.*

JOHNSON, Judge.

The issue presented for review is whether an innocent beneficiary may reach wrongful death proceeds of her deceased brother through the estate of the deceased father, who was a negligent beneficiary. We conclude that because the father is barred from recovery by his wrongdoing, the innocent beneficiary who must claim through the negligent beneficiary's estate is also barred.

On 30 January 1981, John Aaron Anderson, Sr. was operating a 1972 Chevrolet on North Carolina Highway 16. With him in the car as passengers were Mary Hunter Anderson, his wife, and John Aaron Anderson, Jr., their son. The parties agree that as the Chevrolet proceeded in a southeasterly direction, it collided with a 1974 Kenworth fuel tanker proceeding in a northwesterly direction. Plaintiff, however, alleges that John, Sr. was negligent in operating his vehicle in that he failed to keep it under proper

McDowell v. Estate of Anderson

control and that he failed to give an approaching vehicle one-half of the highway. Plaintiff contends that as the vehicles were approaching each other, John, Sr. ran off the right side of the road, lost control of his vehicle, and skidded across the road directly into the path of the oncoming fuel tanker truck, causing the truck to strike the car broadside. Defendant, on the other hand, makes no contention as to the exact sequence of events leading up to the collision, but nevertheless denies that John, Sr. was negligent. Defendant does not allege that the driver of the fuel tanker truck was in any way negligent.

It is undisputed that as a result of the collision, the son, John, Jr., and the wife, Mary, died within minutes of the accident. John, Sr. survived the crash itself, but died three hours later from injuries sustained in the collision.

[1] Both plaintiff and defendant filed motions for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. G.S. 1A-1, Rule 56. Plaintiff moved for summary judgment with regard to two issues: (1) that G.S. 1-539.21 abolishes the common law defense of parent-child immunity in personal injury actions involving motor vehicles and (2) that G.S. 1-539.21's abolition of the common law defense of parent-child immunity is not unconstitutional as a violation of the guaranty of equal protection pursuant to the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the North Carolina Constitution. The trial court granted plaintiff's motion for summary judgment on these two issues.[1] Defendant also moved for summary judgment, arguing that the plaintiff was barred from recovery of wrongful death proceeds through her father's estate because the father was the sole beneficiary and he was barred from recovery by his own negligence. The court granted defendant's motion for summary judgment and concluded as a matter of law that plaintiff was not entitled to wrongful death proceeds because the estate of the

---

1. Defendant appellee cross-assigned error to the grant of summary judgment for plaintiff on these two issues. However, defendant concedes that both issues were addressed and resolved against him in *Carver v. Carver*, 55 N.C. App. 716, 286 S.E. 2d 799, *cert. denied*, 305 N.C. 584, 292 S.E. 2d 569 (1982), and *Ledwell v. Berry*, 39 N.C. App. 224, 249 S.E. 2d 862 (1978), *cert. denied*, 296 N.C. 585, 254 S.E. 2d 35 (1979), respectively. Although defendant nevertheless endeavors to preserve these issues for review, he has not briefed them. Therefore, this Court will not re-examine these previously decided questions.

father was the sole direct beneficiary of the wrongful death proceeds arising from the son's death, and the father's estate was prevented from recovery due to the father's wrongdoing. The plaintiff appeals from the court's grant of defendant's motion for summary judgment.

Rule 56(c) provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The material issues of fact in the case *sub judice* were effectively established when the plaintiff failed to respond to defendant's 20 July 1982 request for admission made pursuant to G.S. 1A-1, Rule 36. Therefore, the question becomes whether the defendant was entitled to judgment as a matter of law.

Plaintiff contends that she should not be barred from recovery of proceeds from the wrongful death of her brother due to the negligence of her father. Plaintiff also claims that barring all recovery to her would unjustly enrich the father's automobile liability insurance carrier. We disagree with both contentions.

Plaintiff recognizes that, as a general rule, a tortfeasor beneficiary will not be allowed to profit from his legally unacceptable conduct. *Davenport v. Patrick*, 227 N.C. 686, 689, 44 S.E. 2d 203, 205 (1947). However, plaintiff argues that the negligence of one party should not be imputed to an innocent beneficiary so as to bar her right to recover. *Pearson v. Stores Corp.*, 219 N.C. 717, 722, 14 S.E. 2d 811, 814 (1941). Further, plaintiff contends that preventing her recovery would penalize an innocent party for her father's negligence.

Plaintiff overlooks the fact that she simply is not a direct beneficiary of her brother's estate and is therefore not entitled to recover for his wrongful death. The right of action at issue exists by virtue of G.S. 28A-18-2, which provides that the proceeds of a wrongful death action are to be disposed of as directed by the Intestate Succession Act. The relevant section of the Intestate Succession Act, G.S. 29-15(3), provides that if the intestate dies without being survived by a spouse, lineal descendants, or both

parents, but is survived by one parent, the surviving parent shall take the entire share.

Due to the fact that the brother's surviving parent, John, Sr. died subsequent to John, Jr.'s death, it is necessary to consider at what point in time beneficiaries under the Intestate Succession Act are determined. The Supreme Court, in *Davenport v. Patrick, supra,* held that the identity of beneficiaries is to be determined at the time of the intestate's death. 227 N.C. at 689, 44 S.E. 2d at 205. *See also Bank v. Hackney,* 266 N.C. 17, 145 S.E. 2d 352 (1965); *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676 (1965). Here, the intestate son, John, Jr., had no lineal descendants and no spouse at the time of his death. His mother died at approximately the same time as he did and, aside from his sister, only John, Jr.'s father survived him. Therefore, the father is the sole beneficiary of the estate of the son under the statute. The fact of the father's subsequent death is irrelevant to the determination of the beneficiaries of the *son's* estate at the time of *his* death.

[2]   Plaintiff asks this Court to relax the rule that beneficiaries are determined at the time of death and thereby bypass the father in the line of intestate succession, although he survived his son by approximately three hours. Plaintiff contends that to do otherwise under the facts of this case would be making a "fetish" of the common law. However, despite the appeal of plaintiff's request, to adopt the reasoning of the plaintiff would require that this Court overrule *Davenport* and *Hackney.* In *Hackney,* a case similar to the case *sub judice,* the wife was killed in an automobile accident caused by the negligence of her husband. The husband died the same day, but a short time after the wife died. One defense raised by the executor of the husband's estate to the wrongful death action was that any recovery on behalf of the couple's children would have to be reduced by the share that the husband would otherwise be entitled to take under the Intestate Succession Act. The Supreme Court apparently did not find it a "fetish" to reduce the children's recovery, even though the husband-tortfeasor was in no position to benefit by his wrongdoing and all the proceeds of the recovery were destined for the deceased couple's children. Rather, the Court reaffirmed the rule that the beneficiaries in a wrongful death action are to be determined at the time of the intestate's death, even though the hus-

band died the same day as the wife. *Bank v. Hackney, supra,* at 20, 145 S.E. 2d at 355.

It may appear unfair that the daughter is denied a wrongful death recovery because the father lived for three hours after the son died, but it would seem equally unfair for the daughter to be denied a recovery if the father lived for an additional week, a month or a year, and then died. At some arbitrarily selected point, the courts would have to deny recovery, so that the decedent's estate could be settled and the personal representative released. We find no principled distinction between these situations. Relaxation of the rule in this case would undoubtedly lead to further uncertainty in the administration of decedent's estates, however appealing such a holding would be under the facts of this case.

With these considerations in mind, we are of the opinion that adoption of a rule allowing for the determination of beneficiaries at some time other than death must come through the legislature, rather than the judiciary.[2] Until such time that the rule is changed, this Court is constrained to find that the father is the sole beneficiary of any wrongful death action on the son's behalf.

Accordingly, the plaintiff is not a beneficiary of her brother's estate and is not entitled to wrongful death proceeds directly from his estate. Instead, she is the direct beneficiary of her father's estate. Therefore, the issue becomes whether the negligent party's estate may serve as a conduit for recovery flowing to the non-negligent plaintiff. We conclude that plaintiff may not recover through the negligent party's estate.

Public policy in North Carolina, buttressed by uniform judicial decisions, will not allow a wrongdoer to enrich himself as a result of his own negligent conduct. *Davenport, supra,* at 689, 44 S.E. 2d at 205. Although the father was the sole beneficiary of his

---

2. Solutions exist which would give appellant the result she desires. For example, Section 2-104 of the Uniform Probate Code (U.P.C.) provides: "Any person who fails to survive the decedent by 120 hours is deemed to have predeceased the decedent for purposes of . . . intestate succession, and the decedent's heirs are determined accordingly." Unif. Probate Code § 2-104, 8 U.L.A. 64 (1983). If the U.P.C. was in effect in North Carolina, the plaintiff, not the father, would be the beneficiary in this instance. However, the U.P.C. has not been legislatively adopted in North Carolina.

son's estate, he may not benefit as a result of his own wrongdoing. Recovery must be reduced by the wrongdoer's share, which in this case is equal to the entire estate. Therefore, the plaintiff can receive no recovery through the father's estate under the Wrongful Death Act.

[3] The second issue raised by plaintiff is whether the father's automobile liability insurance carrier would be unjustly enriched if plaintiff is not allowed to recover. Plaintiff advocates the establishment of a constructive trust to be held by the father's estate for the benefit of the plaintiff.

Plaintiff implicitly assumes that there are insurance proceeds which will accrue to the insurance carrier if they are not disbursed to a beneficiary. Plaintiff argues that as long as the tortfeasor father was negligent, and his negligence was the proximate cause of the son's death, the insurance carrier is liable for the father's damages and a "fund" is created to compensate for the damages. The cases cited by plaintiff in support of this argument, however, involve either life insurance, *Gardner v. Insurance Co.*, 22 N.C. App. 404, 206 S.E. 2d 818, *cert. denied*, 285 N.C. 658, 207 S.E. 2d 753 (1974), or tenancy by entirety, *In re Estate of Perry*, 256 N.C. 65, 123 S.E. 2d 99 (1961); *Homanich v. Miller*, 28 N.C. App. 451, 221 S.E. 2d 739, *cert. denied*, 289 N.C. 614, 223 S.E. 2d 392 (1976); *Porth v. Porth*, 3 N.C. App. 485, 165 S.E. 2d 508 (1969). Plaintiff confuses liability insurance with life insurance and her reliance upon the cited cases is misplaced. In the case of life insurance, once the event of risk which is insured against — death — occurs, there is an insurance "fund" created which is similar in concept to a savings account. 44 C.J.S., Insurance, § 25, p. 484. This fund must be distributed to the decedent's beneficiary or beneficiaries. The insurance carrier may not retain monies it is obligated to pay under life insurance policy simply because of some unusual circumstance which "muddies the waters" of the usual pattern of distribution. *Bullock v. Insurance Co.*, 234 N.C. 254, 67 S.E. 2d 71 (1951); *Anderson v. Parker*, 152 N.C. 1, 67 S.E. 53 (1910); *see also* 7 Strong's N.C. Index 3d, Insurance § 35, p. 396. In those cases, if the beneficiary is barred from recovery for his wrongdoing, the life insurance carrier is nevertheless liable for the proceeds in the absence of fraud or specific contract provisions to the contrary. Annot., 27 A.L.R. 3d 823 (1969). To do otherwise would unjustly enrich the life insurance carrier.

In the case *sub judice*, however, the insurance policy in question is not a life insurance policy; it is an automobile liability insurance policy. Accordingly, the question is not who is entitled to the proceeds of the father's insurance, but rather, whether the father, and therefore the insurance carrier, are liable at all. Automobile liability insurance is a form of insurance which indemnifies against liability incurred by the insured due to injury to the person or property of another. An automobile liability insurance policy is a contract which provides indemnification against liability, as opposed to indemnification against loss or death. Black's Law Dictionary, 5th Ed.; 44 C.J.S., Insurance §§ 21, 24, p. 481. If the insured father is not found, by law, to be liable to anyone for the son's wrongful death, the liability insurance carrier is not responsible for indemnifying the father, or his estate. Hence, until that determination is made, no insurance "fund" is created and the insurance carrier is not unjustly enriched. In *Bank v. Hackney, supra,* the recovery by the non-negligent children for the wrongful death of their mother was reduced by the share of their negligent, deceased father. The court explicitly assumed that the father possesses automobile liability insurance. 266 N.C. at 22-23, 145 S.E. 2d at 357. Yet the *Hackney* Court did not consider the insurer unjustly enriched because its liability was reduced by the negligent beneficiary's share. No constructive trust was imposed. Here, as in *Hackney,* we find no unjust enrichment of the insurance carrier and, therefore, no need for a constructive trust.

For the above reasons, plaintiff is not entitled to recover wrongful death proceeds. We find that the trial court did not err in granting defendant's motion for summary judgment. The order appealed from is

Affirmed.

Judges HEDRICK and HILL concur.