**FIELDCREST CANNON, INC. v. FIREMAN'S FUND INSURANCE CO.**

[127 N.C. App. 729 (1997)]

FIELDCREST CANNON, INC., Plaintiff v. FIREMAN'S FUND INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY and NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Defendants

No. COA95-721

(Filed 18 November 1997)

**Insurance §§ 920, 949 (NCI4th)— employer's liability insurance—discrimination claims—negligent infliction of emotional distress—excess insurer not liable**

An employer's "umbrella," excess coverage liability policy imposed no duty on the excess insurer to defend and indemnify the employer for discrimination claims based on sexual discrimination, retaliatory discharge, and intimidation and harassment because those claims do not fall within the "personal injury" coverage provided by the policy. Furthermore, the excess insurer had no duty to defend and indemnify the employer for a claim for negligent infliction of emotional distress because (1) if the jury should find that the primary insurer's policies provide coverage for this claim, the excess insurer is absolved of residual liability by prior agreement of the parties that no claim would exceed the $500,000 per occurrence limits of the primary insurance, and (2) if the jury should find that this claim is not covered by the primary insurer's policies, the excess insurer is still absolved of liability since the liability of both the primary and excess insurers is based upon similar language.

Defendant Fireman's Fund Insurance Company appealed from order entered 26 April 1993 by Judge Forrest A. Ferrell, and judgment entered 7 December 1994 by Judge John M. Gardner in Mecklenburg County Superior Court. Plaintiff cross-appealed from orders entered 26 April and 30 June 1993 by Judge Ferrell in Mecklenburg County Superior Court. The appeal was heard in this Court on 19 March 1996, and the opinion was filed 5 November 1996. Defendant North Carolina Insurance Guaranty Association (hereinafter "Guaranty") petitioned for rehearing. The petition was granted by order of this Court entered 8 January 1997, and the matter was subsequently heard on the petition to rehear without additional briefs or oral argument. By opinion of this Court filed 2 September 1997, without disturbing our 5 November 1996 opinion as to the remaining parties, summary judgment as to defendant Guaranty was affirmed. Plaintiff and defendant North River Insurance Company (hereinafter "North

FIELDCREST CANNON, INC. v. FIREMAN'S FUND INSURANCE CO.

[127 N.C. App. 729 (1997)]

River") jointly petitioned for rehearing. This petition was granted, and the matter was again heard in the Court of Appeals without additional briefs or oral argument.

*Blair Conaway Bograd & Martin, P.A., by Bentford E. Martin, for plaintiff-appellee.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by James F. Wood, III; and Patterson, Dilthey, Clay & Bryson, L.L.P., by Ronald C. Dilthey and G. Lawrence Reeves, for defendant-appellant Fireman's Fund Insurance Company.*

*Wilson & McIlvaine, by Dwight B. Palmer, Jr.; and Robinson, Bradshaw & Hinson, P.A., by Mark W. Merritt and Edward F. Hennessey, IV, for defendant-appellee North River Insurance Company.*

*Moore & Van Allen, PLLC, by Christopher J. Blake and Joseph W. Eason, for defendant-appellee North Carolina Insurance Guaranty Association.*

PER CURIAM.

Only the facts necessary for determination of the issue on rehearing are set out here. For a more complete statement of the facts of this case, see this Court's previous opinion at 124 N.C. App. 232, 477 S.E.2d 59 (1996).

Plaintiff Fieldcrest Cannon, Inc. instituted this action to recover legal defense costs incurred in defending its predecessor, Cannon Mills, Inc. (hereinafter "Cannon"), against certain employment discrimination claims during the 1980's, and to recover sums paid pursuant to judgments and settlements of certain of those claims. Cannon was insured by defendant Fireman's Fund Insurance Company (hereinafter "Fireman's Fund") under four (4) consecutive, identical comprehensive general liability policies written as primary insurance and covering occurrences during the period from 15 May 1978 through and including 15 May 1982.

Defendant North River and Mission Insurance Company (hereinafter "Mission") insured Cannon pursuant to "umbrella" liability policies which were written as excess coverage to defendant Fireman's Fund's primary insurance. Defendant North River's policy covered occurrences during a period from 15 May 1977 through 15 May 1980, and the Mission policy covered occurrences during the

period of 15 May 1980 through 15 May 1981. When Mission became insolvent in 1987, defendant Guaranty assumed responsibility for certain of Mission's obligations pursuant to the North Carolina Insurance Guaranty Association Act, N.C. Gen. Stat. § 58-48-1, *et seq.*

In this Court's decision filed 5 November 1996, we reversed the trial court's entry of summary judgment in favor of defendant Guaranty premised upon the following: (1) Mission's admission of its duty to defend and fund the underlying discrimination actions; and (2) the trial court's statement in its 30 June 1993 order dismissing plaintiff's action against defendant North River that plaintiff Fireman's Fund's policies fully covered the underlying discrimination claims. In light of our holding that the trial court's order of summary judgment as to Stanley Rosenthal's lawsuit would be reversed, we also reversed the trial court's 26 April 1993 order granting defendant Guaranty's motion for summary judgment. Defendant Guaranty petitioned for rehearing, and by order filed 8 January 1997, we allowed this petition, without additional briefing or oral argument, for the limited purpose of addressing defendant Guaranty's duty to defend and indemnify plaintiff Fieldcrest Cannon in the underlying discrimination claims. In our opinion filed 2 September 1997, we affirmed the entry of summary judgment for defendant Guaranty, but in all other respects, the original opinion of this Court filed 5 November 1996 was adopted and reaffirmed. Plaintiff and defendant North River jointly petitioned for rehearing, and we allowed that joint petition without additional briefing or oral argument, for the limited purpose of addressing plaintiff and defendant North River's argument that our 2 September 1997 opinion is inconsistent with the 5 November 1996 opinion filed in this case.

On rehearing, plaintiff and defendant North River contend that this Court's 2 September 1997 opinion was inapposite to its 5 November 1996 opinion in this same case. We agree, and therefore, withdraw the 2 September 1997 opinion and enter this new opinion consistent with the wording of our earlier 5 November 1996 opinion.

Hence, we again consider whether the trial court erred in determining that there was no genuine issue of fact and as a matter of law Mission's policy imposed no duty to defend and indemnify plaintiff Fieldcrest Cannon in the underlying discrimination actions. Again, we answer in the negative, and accordingly, affirm the trial court's 26 April 1993 order granting defendant Guaranty's motion for summary judgment.

Mission's umbrella policy defined "personal injury" in the following manner:

"Personal injuries" . . . means bodily injury (including death at any time resulting therefrom), mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any Advertising activities.

The Mission policy by its own terms did not apply "to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, colour or national origin[.]"

The definition of personal injury in defendant Fireman's Fund's "Broad Form Comprehensive General Liability Endorsement G222" includes:

(1) False arrest, detention or imprisonment, or malicious prosecution;

(2) wrongful entry or eviction or other invasion of the right of private occupancy;

(3) the publication or utterance

(a) of a libel or slander or other defamatory or disparaging material, or

(b) in violation of an individual's right of privacy . . . .

The Fireman's Fund's policies defined "bodily injury": " 'bodily injury' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom[.]" In our 5 November 1996 opinion, we noted that there was a genuine issue of material fact as to whether damages for negligent and intentional infliction of emotional distress fall within the "bodily injury" coverage of defendant Fireman's Fund's policies. *Fieldcrest Cannon, Inc. v. Fireman's Fund Insurance Co.*, 124 N.C. App. 232, 477 S.E.2d 59.

Although Mission's policy definition for personal injury is more broad than the applicable definitions included in defendant Fireman's Fund's policies, the bare allegations of the underlying discrimination actions (with the exception of the *Rosenthal* suit) include claims based on sexual discrimination, retaliatory discharge, and intimida-

FIELDCREST CANNON, INC. v. FIREMAN'S FUND INSURANCE CO.

[127 N.C. App. 729 (1997)]

tion and harassment, but fail to make any allegations of "bodily injury (including death at any time resulting therefrom), mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any Advertising activities[,]" so as to fall within the coverage for "personal injury" in Mission's policy. Significantly, Mr. Rosenthal's claim for negligent infliction of emotional distress may fall within the coverage of Mission's policy. However, this fact alone is not determinative of the propriety of summary judgment for defendant Guaranty.

Mission was an "umbrella," excess coverage carrier; as an "umbrella," excess coverage carrier, Mission could not be liable for the underlying discrimination claims unless and until the primary insurers' coverage limits were paid. Here, all parties had agreed that the discrimination claims would not exceed the $500,000 per occurrence coverage limits of Fireman's Fund's primary insurance. If on remand a jury finds that defendant Fireman's Fund's policies provided coverage for Mr. Rosenthal's claim for negligent infliction of emotional distress, defendant Guaranty is absolved of residual liability by prior agreement of the parties that "the discrimination claims [would] not exceed the $500,000 per occurrence limits of the Fireman's Fund primary insurance[.]" Similarly, if on remand a jury finds that Mr. Rosenthal's claim for negligent infliction of emotional distress is not covered by defendant Fireman's Fund's policies, defendant Guaranty is still absolved of liability since the liability (or lack thereof) of both defendants Fireman's Fund and Guaranty is based upon policy language which is essentially the same. In any event, there is no genuine issue of material fact as to whether defendant Guaranty has a duty to defend or indemnify the underlying discrimination actions.

In sum, on this record, there is no genuine issue of material fact as to whether defendant Guaranty had a duty to defend and indemnify plaintiff corporation. Accordingly, the 26 April 1993 order of the trial court granting defendant Guaranty's motion for summary judgment is affirmed.

Affirmed.

Panel consisting of:

Judges EAGLES, MARTIN, John C., and McGEE.