JULIENE McCLELLAN GOINS, Plaintiff v. JOEL G. PULEO, M.D., ELLEN A. PULEO, M.D., and PINEHURST WOMEN'S CLINIC, P.A., Defendants

No. COA97-1071

(Filed 7 July 1998)

1. Statute of Limitations— medical malpractice—summary judgment

The trial court erred by granting defendants' motion for summary judgment on the basis of the statute of limitations in a medical malpractice action where defendants offered deposition testimony identifying the only deviation from the applicable standard of care as having occurred on 11 August 1990 and argued that the statute of limitations barred the claim because the action was not filed until 23 August 1993, but plaintiff alleged that defendants treated her over a substantial period of time and a genuine issue of fact exists as to whether the continuing course of treatment doctrine tolled the statute of limitations.

2. Discovery— request for admissions—failure to return— implied motion to withdraw or amend

Although defendants' cross-assignment of error to the denial of their motion for summary judgment was dismissed, the trial court was well within its discretion by not granting summary judgment based on the failure of the pro se plaintiff to return requests for admissions. The plain language of N.C.G.S. § 1A-1, Rule 36(b) would require a motion to withdraw or amend the admission, but the rule does not specify the particulars of making the motion and leaves the details to the discretion of the trial court. By contesting a motion for summary judgment based on failure to respond to a request for admissions, a party is at least implicitly motioning that the court not hold the admissions against them.

Judge Martin, John C., dissenting.

**GOINS v. PULEO**

[130 N.C. App. 28 (1998)]

Appeal by plaintiff from order entered 29 January 1997 by Judge L. Todd Burke in Moore County Superior Court. Heard in the Court of Appeals 23 April 1998.

*Gill & Dow, by Douglas R. Gill, for plaintiff-appellant.*

*Walker, Barwick, Clark & Allen, L.L.P., by Robert D. Walker, Jr. and Jeffrey T. Ammons, for defendant-appellees.*

WYNN, Judge.

In the subject case, the trial court found that the three year statute of limitations on medical malpractice actions barred Juliene McClellan Goins' action. Under North Carolina law, the continuous course of treatment doctrine tolls the running of the statute of limitations for the period between the original act and the ensuing discovery and correction of its consequences. *Horton v. Carolina Medicorp., Inc.*, 344 N.C. 133, 137, 472 S.E.2d 778, 781 (1996). Because we find that Ms. Goins presented evidence showing both a continuous relationship with a physician and subsequent treatment from that physician, we find that the trial court erred in determining that the statute of limitations barred her action as a matter of law.

Additionally, the defendants cross-assign as error the trial court's denial of their summary judgment motion. The appeal as to defendants' cross-assignment of error is dismissed because orders denying a motion for summary judgment are not appealable.

Accordingly, we reverse the grant of summary judgment and remand this action for a trial by jury.

Ms. Goins brought this action without the benefit of counsel on 23 August 1993, seeking damages from Dr. Joel G. Puleo, Dr. Ellen A. Puleo, and Pinehurst Women's Clinic for alleged medical negligence. However, on 11 September 1995 she voluntarily dismissed her action under N.C.R. Civ. P. 41(a)(1).

On 10 September 1996, Ms. Goins—again acting *pro se*—refiled this action, alleging the same claims as in the original action. Her second complaint alleged that Dr. Joel Puleo treated her for menorrhagia at the Pinehurst Women's Clinic from 1988 until 1990; on 11 August 1990, she sought medical attention in the emergency room at Moore Regional Hospital because of significant menorrhagia and blurred vision; Dr. Puleo treated her at that hospital with intravenous glucose

and discharged her without informing her that her glucose was elevated to the 354 range.

On 18 August 1990, Ms. Goins returned to the hospital with menorrhagia and was admitted for observation. During her hospitalization, Dr. Ellen Puleo attempted, but was unable, to administer a blood transfusion. Intravenous glucose was again administered as prescribed by Dr. Joel Puleo, and Ms. Goins was discharged on 20 August 1990. Ms. Goins alleges that while she was hospitalized, Dr. Ellen Puleo failed to read or notice the lab data contained in her chart and that she was discharged with a glucose level greater than 500.

Dr. Joel Puleo treated Ms. Goins at the Pinehurst Women's Clinic on 23 August 1990. Finding her weak and disoriented, Dr. Puleo immediately admitted her to the Moore Regional Hospital. Medical tests revealed her glucose level in the 600 range and that she suffered from diabetic ketoacidosis. Her condition declined and she developed pancreatitis and eventually lapsed into a diabetic coma, allegedly as a result of inadequate treatment rendered by the defendant-health care providers. She was subsequently transferred to North Carolina Memorial Hospital where she remained until 10 September 1990.

Defendant-health care providers answered, denying the material allegations of the complaint, asserting affirmative defenses including the statute of limitations, and moving to dismiss the claim. During a pretrial hearing the defendants argued they were entitled to summary judgment on two grounds. The first was that the action was barred by the statute of limitations. The second was based on Goins' failure to respond to a request for admissions. One request asked whether there had been a breach of the applicable standard of care. The defendants argued that because Goins had not responded, she had admitted that there was no breach of the applicable standard of care, and therefore defendants' entitlement to summary judgment was established as a matter of law. The trial court denied defendants' motion for summary judgment insofar as it was based on Ms. Goins' failure to respond to the requests for admission. By separate order the trial court found that the statute of limitations barred Ms. Goins' action. She now appeals to this Court.

At the outset, we note that the trial court entitled its order "Order Granting Motion To Dismiss," reciting that the matter was heard upon defendants' motion "to dismiss the Complaint . . . pursuant to N.C.G.S. 1-52, N.C.G.S. 1-15(c), or other applicable statutes of limitation . . . ." At the hearing, however, the trial court considered the

deposition of Ms. Goins' expert witness, offered by defendants in support of their contention the action was barred by the statute of limitations. Where the trial court considers matters outside the pleadings, the motion is converted to one for summary judgment. *Deans v. Layton*, 89 N.C. App. 358, 362, 366 S.E.2d 560, 563, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 276 (1988). Accordingly, we review the rulings of the trial court under the standard of review applicable to summary judgment—whether there is a genuine issue of material fact. N.C.R. Civ. P. 56(c).

I.

[1] By her single assignment of error, Ms. Goins contends that the trial court erred by barring her action under the statute of limitations. We agree.

Once a defendant asserts the statute of limitations as a defense, the plaintiff must show that the action was commenced within the limitations period. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). With certain exceptions not applicable here, a civil action for professional malpractice, including medical negligence, must be commenced within three years from the last act of the defendant giving rise to the action. N.C. Gen. Stat. §§ 1-15, 1-52(5) (1996). However, where plaintiff shows a continuous relationship with a physician and subsequent treatment by the physician, related to the original act or omission which gave rise to the claim, the "continuing course of treatment doctrine" tolls the running of the statute of limitations for the period between the original negligent act and the time the damage is discovered and corrected. *Horton v. Carolina Medicorp., Inc.*, 344 N.C. 133, 137, 472 S.E.2d 778, 781 (1996).

In support of their motion, the defendants offered deposition testimony from Ms. Goins' expert identifying the only deviation from the applicable standard of care as having occurred on 11 August 1990. They argue that the statute of limitations bars Ms. Goins' claim because she did not commence her original action until 23 August 1993—more than three years after the alleged deviation from the standard of care. However, Ms. Goins alleged that defendants treated her over a substantial period of time prior to August 1990 and continued to be involved in her care and treatment until her transference on 26 August 1990 to North Carolina Memorial Hospital in a diabetic coma state. Ms. Goins' expert attributes the necessity for her hospitalization, both at Moore Regional and at North Carolina Memorial, at

least in part to Dr. Joel Puleo's negligent treatment on 11 August 1990. Accordingly, a genuine issue of fact exists as to whether the continuing course of treatment doctrine tolled the statute of limitations in this case; thus, the trial court erred by granting defendants' summary judgment on the basis of the statute of limitations.

## II.

[2] Defendants cross-assigned as error the trial court's denial of summary judgment. We conclude that this issue is not properly before us. "[T]he *denial* of a motion for summary judgment is not appealable." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978) (emphasis in original). "[I]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). The appeal as to defendants' cross-assignment of error is dismissed.

In defendants' purported appeal, they argue that the facts in a request for admissions must be deemed admitted under Rule 36 if a party never moves for withdrawal or amendment of the admissions. They contend that the trial court has no discretion to not adopt them, and "[t]he admissions became judicially established by the plaintiff's non-response." Although defendants have no right of appeal, we will treat their appeal as a petition for certiorari which we grant so that we may address the substantive issue, as it appears to raise a novel question under North Carolina law.

The relevant facts are as follows:

On 4 October 1996, defendants served, by certified mail, a request for admissions upon Ms. Goins who was self-represented both at the time of service and at the summary judgment hearing. She was requested to admit, in summary: (1) that all health care provided her by defendants was in conformity with the applicable standards of care; (2) that as of the date she commenced the action, neither Ms. Goins nor any attorney in her behalf had consulted with a medical expert who expressed an opinion that the care rendered by defendants did not conform to the applicable standards; and (3) that as of the date Ms. Goins commenced the action, no expert witness had evaluated any medical records relating to the care rendered her by defendants. Defendants presented an affidavit and return receipt showing the document was received by plaintiff's husband on

7 October 1996; plaintiff has never responded to the request for admissions.

At the summary judgment hearing, the plaintiff appeared *pro se* to contest the motion. In regards to the issue under consideration, she stated that she had never received the request for admissions. In response, defendants' counsel offered proof that they had sent the request to her by certified mail. This exchange followed:

COURT: She said she didn't ever receive that. You just sent it certified mail. The Court has no way to know that she ever received those request for admissions.

[Defendants' Counsel]: Your Honor, I take it if this were a regular lawsuit with an attorney you just send it to the attorney. I don't [think] that the rule requires certified mail to send a request for admissions. Just because it's a pro se plaintiff I don't believe the rule changes. We sent it to the address. She admitted that was her address. She has gotten notice of all the calendar settings —

COURT: Have you ever contacted her saying that we requested these admissions, realizing this is a pro se—if you will contact an attorney. Normally, "Hey, Bob, I served these requests for admissions upon you. I haven't heard from you." Did you ever try to do that?

[Defendants' Counsel]: I don't believe Bob did it. I believe, however, they were properly served under the rules.

COURT: I don't think your motion—summary judgment is an extreme measure. I don't think that I would allow your motion based on those grounds.

Rule 36(b) states that "[a]ny matter admitted under this rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission. . . .* [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." N.C.R. Civ. P. 36(b) (emphasis added).

The defendants' contention is that the failure of the plaintiff to make a motion requires the trial court to accept the admissions as established facts. Although the plain language of the statute would require a motion on the part of the party who failed to respond, the

statute does not state that the motion must be in writing or that it must be made at any particular time. There does not appear to be a North Carolina case on this issue, but we note as persuasive authority a case of the Supreme Court of Ohio, *Balson v. Dodds*, 405 N.E.2d 293 (Ohio 1980), in which they considered the identical language of their Rule 36(b). *See id.* at 295-96 (quoting relevant language). The Court noted:

> Appellant argues that appellee failed to make the required Civ.R. 36(B) motion that she be permitted to withdraw or amend the Civ.R. 36(A) admissions. However, Civ.R. 36(B) does not require that a *written* motion be filed, nor does it specify *when* such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court. Herein, the trial court could reasonably find that, by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions.

*Id.* at 296 n.2 (emphasis in original).

We agree that Rule 36(b), as it does not specify the particulars of making a motion for withdrawal or amendment of admissions, leaves the details to the discretion of the trial court. We further agree that by contesting a motion for summary judgment based on failure to respond to a request for admissions, a party is at least implicitly motioning that the court not hold the admissions against them. Where the motion for amendment or withdrawal is not explicitly made, whether to deem such a motion as having been made implicitly is within the discretion of the trial court.

In the present case, although no explicit motion was made, it appears that the trial court could have reasonably concluded that plaintiff moved the court to withdraw or amend the admissions. Goins appeared at the summary judgment hearing and contested whether she received the request for admissions. The trial court drew attention to the fact that the request was sent by certified mail and that no attempt at follow up was made. Further, the request for admissions went to the ultimate issues in the case. The filing of her action for medical malpractice indicates that Ms. Goins did not believe "that all health care provided her by defendant was in conformity with the applicable standards of care." Given this, the trial court could have reasonably concluded that Goins had satisfied Rule 36(b)'s requirement for a motion. Therefore, we believe that the trial

court was well within its discretion by not granting summary judgment based on the admissions.

In conclusion, while the trial court could have decided to hold the admissions against Ms. Goins, on this record there was no abuse of discretion arising from the trial court's decision to not do so. We also reemphasize that, absent a few limited exceptions not present here, the denial of such a motion is not appealable in any event.

The grant of summary judgment dismissing Ms. Goins' action is reversed; the appeal of the denial of summary judgment is dismissed, certiorari is granted, and the denial of summary judgment is affirmed.

Judge WALKER concurs.

Judge MARTIN, John C. dissents.

Judge MARTIN, John C., dissenting.

I agree with the majority that a genuine issue of fact exists as to whether the statue of limitations was tolled pursuant to the continuing course of treatment doctrine; therefore I agree that summary judgment in favor of defendants based on the statute of limitations was error. I must respectfully disagree, however, with the majority's disposition of defendants' cross-assignment of error.

Defendants have cross-assigned as error the trial court's failure to grant summary judgment on the grounds that facts established by plaintiff's failure to respond to their request for admissions leaves no genuine issue of material fact in dispute. N.C.R. App. P. 10(d) permits appellees to cross-assign as error an act or omission of the trial court which deprives them of an alternative legal ground to support the judgment in their favor, where there is a possibility the appellate court will find error, as is the case here, on the ground upon which the trial court granted the judgment. *Carawan v. Tate*, 304 N.C. 696, 286 S.E.2d 99 (1982).

On 4 October 1996, defendants served, by certified mail, a request for admissions upon plaintiff, who was appearing *pro se* both at the time of service and at the summary judgment hearing. Plaintiff was requested to admit, in summary: (1) that all health care provided her by defendants was in conformity with the applicable standards of care; (2) that as of the date she commenced the action, neither plaintiff nor any attorney on her behalf had consulted with a medical

expert who expressed an opinion that the care rendered by defendants did not conform to the applicable standards; and (3) that as of the date plaintiff commenced the action, no expert witness had evaluated any medical records relating to the care rendered her by defendants. Defendants presented an affidavit and return receipt showing the document was received by plaintiff's husband on 7 October 1996; plaintiff has never responded to the request for admissions.

Matters as to which admission is requested are deemed to be admitted unless the party to whom the request is directed serves a written response thereto within the time permitted by the rule. N.C. Gen. Stat. § 1A-1, Rule 36(a); *Fieldcrest Cannon, Inc. v. Fireman's Fund Ins. Co.*, 124 N.C. App. 232, 477 S.E.2d 59 (1996), *reh'g in part*, 127 N.C. App. 729, 493 S.E.2d 658 (1997). Once admitted, whether by answer or by failure to respond, the matter is conclusively established for the purpose of the pending action unless the court, upon motion, permits withdrawal or amendment of the admission. N.C. Gen. Stat. § 1A-1. Rule 36(b), *Rhoads v. Bryant*, 56 N.C. App. 635, 289 S.E.2d 637, *disc. review denied*, 306 N.C. 386, 294 S.E.2d 211 (1982). Moreover, matters admitted pursuant to Rule 36(b) may be sufficient to support a grant of summary judgment. *Rhoads, see McDowell v. Estate of Anderson*, 69 N.C. App. 725, 318 S.E.2d 258 (1984).

Proof of service by certified mail of pleadings and other papers required or permitted to be served raises a presumption that the document has been received by the addressee. N.C. Gen. Stat. § 1A-1, Rules 4(j2)(2) and 5(b) (1997). At the summary judgment hearing, plaintiff acknowledged that the request for admissions was sent to the proper address and, although she denied receiving them, she made no offer to rebut the presumption created by the foregoing rules. We must therefore presume plaintiff received the request for admissions. By failing to respond thereto, she has admitted each of the matters contained in the request.

The majority bases its decision upon the undeniable legal premise that the trial court had the discretion to permit plaintiff to withdraw her admissions. I agree the trial court has such discretion; I disagree that it has exercised its discretion in this case. Plaintiff has made no motion, expressly or impliedly to amend or withdraw her admissions. Moreover, the trial court did not rule, *ex mero motu* or otherwise, that she was entitled to do so. The majority in an effort to assist the *pro se* plaintiff, has invented a remedy by implying both a motion and a ruling.

I cannot join the majority in hypothesizing that the trial court exercised its discretion by means of an implied ruling made upon an implied motion. The Rules of Civil Procedure have been established to provide an orderly system to govern civil litigation. The Rules are not inflexible and are to be liberally construed; they must, however, be evenly applied to all litigants, including those who choose to represent themselves. According to the Rules, plaintiff has admitted facts which defeated her claim. Therefore, I vote to affirm summary judgment, though not for the reason relied upon by the trial court.